BABBITT v. READ et al.

(Circuit Court of Appeals, Second Circuit. February 8, 1917.)

No. 234.

1. BANKRUPTCY ⟨⟩299—JURISDICTION—FEDERAL COURTS—INTERVENTION.

Where the trustee in bankruptcy, appointed by the federal District Court for the Eastern Division of the Eastern District of Missouri, instituted an action on behalf of the bankrupt estate in the District Court for New York, the District Court for Missouri, which is charged with the duty of collecting and distributing the bankrupt's estate, alone has jurisdiction to allow other persons to intervene as parties and prosecute the action.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 448.]

2. BANKRUPTCY ⟨⟩467—MATTERS APPEALABLE—DISCRETION.

Where a trustee in bankruptcy, suing on behalf of the bankrupt's estate was defeated, not only in the District Court, but in the Circuit Court of Appeals, the denial by the District Court of a petition to allow a creditor to intervene to apply for certiorari to the Supreme Court is not reviewable, being a matter of discretion; there being no contention that the trustee had not efficiently prosecuted the claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929.]

Appeal from the District Court of the United States for the Southern District of New York.

Action by Byron F. Babbitt, as trustee, etc., against Caroline S. Read

---

and others, as executors, etc. From an order denying the petition of George T. Hollister to intervene as a party and apply for a writ of certiorari to the Supreme Court, he appeals. Appeal dismissed.

See, also, 215 Fed. 395; 236 Fed. 42, —— C. C. A. ——.

C. A. Boston, of New York City, for appellant.

P. T. Bryan, of St. Louis, Mo., and C. E. Rushmore, of New York City, for appellees.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. [1] This is an appeal from an order of Judge Mayer refusing to allow certain creditors of the Randolph-Macon Coal Company, a bankrupt, to intervene as parties and apply for a writ of certiorari to the Supreme Court. The case having been instituted and conducted by the trustee in bankruptcy, an officer of the District Court of the United States for the Eastern Division of the Eastern Judicial District of Missouri, which is charged with the duty of collecting and distributing the bankrupt estate, we think that court alone has jurisdiction to authorize other persons to intervene as parties.

[2] Assuming, however, that the District Court had authority in the premises, we think its refusal to grant the petition was a matter of discretion not appealable. There is no pretense that the trustee in bankruptcy has not honestly and efficiently asserted the petitioners' claims both in the District Court and in this court. Having been defeated in both courts, the District Judge might very properly refuse to further delay proceedings by authorizing an application to the Supreme Court for a writ of certiorari. With such an exercise of discretion we have no right to interfere.

The appeal is dismissed.