## McAVOY v. UNITED STATES.
### No. 21406.

United States Court of Appeals
Second Circuit.

Argued Oct. 31, 1949.

Decided Nov. 25, 1949.

H. G. Morison, Assistant Attorney General; George L. Grobe, U. S. Attorney and R. Norman Kirchgraber, Assistant U. S. Attorney, Buffalo, N. Y., for appellant.

Edward H. Hickey, Special Assistant to the Attorney General and Hubert H. Margolies, Attorney, Department of Justice, Washington, D. C., of counsel.

Albert Averbach, Seneca Falls, N. Y., Attorney for appellee; Theodore C. Bonney, Seneca Falls, N. Y., of counsel.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This appeal raises interesting questions as to the power of the bankruptcy court to restrain the United States, which has filed a proof of claim in the bankruptcy proceedings, from seeking to intervene as a party plaintiff in an action pending in a federal court of another district, by which the bankrupt and its trustee are endeavoring to recover moneys due under a contract of which the United States holds an assign-

ment as security for its claim against the bankrupt.

Upon an involuntary petition in bankruptcy filed in July 1947, Rumsey Manufacturing Corporation, a New York corporation, was adjudicated bankrupt on August 16, 1947, and Arthur T. McAvoy was appointed its trustee. Rumsey was a subcontractor of several companies, one of them being Packard Motor Car Company, a Michigan corporation, which had cost-plus-fixed-fee war production contracts with the United States. In the summer of 1945 Packard's prime contract and Rumsey's subcontract were terminated pursuant to the Contract Settlement Act of 1944.[1] On February 3, 1947 Rumsey brought suit against Packard in the United States District Court for the Eastern District of Michigan, Southern Division, to recover the balance alleged to be due on account of the termination of its subcontract; and in February, 1948 that court granted McAvoy's petition to become an additional party plaintiff. Packard, the defendant in said action, is represented by the United States Attorney and the Assistant United States Attorney for the Eastern District of Michigan. Its answer was filed November 19, 1948 by these attorneys. On the same date they filed on behalf of the United States a motion returnable December 6, 1948 that the United States be granted leave to intervene in said action as party plaintiff. The basis for this request is set out in the proposed complaint of intervention as follows: In September, 1945, under a termination loan agreement,[2] Rumsey borrowed large sums from several banks and assigned as security for the loan all moneys due or to become due to Rumsey on specified terminated war production contracts, including contracts with Packard. The loan was guaranteed by the War Department to the extent of 90%. To protect its guaranteed interests the War Depart-

ment purchased from the banks on August 30, 1946 the guaranteed percentage of the loan, and the principal amount of $453,680.-75 remains unpaid. The complaint of intervention "prays judgment against the plaintiff in the amount of $453,680.75, with interest at the rate of 3½ per cent from August 31, 1946, less any amount that may be determined to be due Rumsey Manufacturing Corporation from the United States under its contract with Packard Motor Car Company."[3] The United States had previously filed its proof of claim in the bankruptcy proceedings.

Upon being served with the motion papers and the proposed complaint of intervention, McAvoy as trustee obtained from the referee in bankruptcy an order directing the United States, its attorneys in the Michigan suit and its attorney in the bankruptcy proceedings to show cause why the United States should not be enjoined from intervening as a plaintiff in the Michigan action. After the return was filed and after hearing argument, the referee issued the requested injunction. Upon petition to review the referee's order the District Court affirmed it by an order entered April 14, 1949. From this order the United States took a timely appeal.

The first question is whether the order is appealable. The appellee contends that it is not because under 11 U.S.C.A. § 47, sub. a an appeal may be taken from an order in a "controversy arising in proceedings in bankruptcy" only where the order is final. See In re Christ's Church of the Golden Rule, 9 Cir., 172 F.2d 523, 524; 2 Collier on Bankruptcy, 14th ed., §§ 24.04, 24.29. This contention requires little discussion. An order which grants an injunction is plainly within our appellate jurisdiction, whether the order be final or interlocutory. 28 U.S.C.A. (1948 revision), §§ 1291, 1292.

---

1. 41 U.S.C.A. § 101 et seq.

2. See 41 U.S.C.A. §§ 108, 110; Uniform Procedure for Guaranteed termination Loans, General Regulation No. 1 of the Office of Contract Settlement, August 18, 1944, 9 F.R. 10358.

3. The complaint of intervention alleged also another claim based on section 8(d) of the Contract Settlement Act, 41 U.S. C.A. § 108(d), but as the United States informed the bankruptcy court that this claim would be withdrawn if intervention were granted, it is unnecessary to discuss it.

■ We are next faced with the question, although the parties have not argued it, whether a bankruptcy court can grant an injunction against the United States and its attorneys. It is axiomatic that the sovereign cannot be sued without its consent. We find nothing in the Bankruptcy Act to authorize the granting of an injunction against the United States or its attorneys to prevent them from applying to Judge Lederle for intervention in the Michigan suit. The injunction cannot be allowed to stand. See United States v. McLemore, 4 How. 286, 11 L.Ed. 977; Belknap v. Schild, 161 U.S. 10, 16 S.Ct. 443, 40 L.Ed. 599; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888.

■ In addition to its injunctional aspect, the order on appeal may be viewed as a denial by the bankruptcy court of a request by the United States for leave to apply for intervention in the Michigan suit; such a request was made in its return to McAvoy's petition for an injunction. In Babbitt v. Read, 2 Cir., 240 F. 694, this court said that the bankruptcy court alone has jurisdiction to authorize other persons to intervene as parties in an action instituted and conducted by the trustee in bankruptcy. The statement was a dictum. So far as we can discover it has never been cited, nor have we found any other case in accord with it. It was an erroneous statement of the law. Plainly the court in which the action is pending has jurisdiction to decide whether or not to admit a party who seeks to intervene. Rule 24, Federal Rules of Civil Procedure, 28 U.S.C.A. But it does not follow that the bankruptcy court is powerless to prevent a creditor of the bankrupt from applying to the court where the action is pending. Where, as here, a secured creditor, having filed his claim in bankruptcy, seeks to have the value of his security judicially determined, the bankruptcy court has the power to prescribe the conditions under which he may be allowed to do so. Bankruptcy Act, § 57, sub. h, 11 U.S.C.A. § 93, sub. h. We think it

an appropriate exercise of that power for the bankruptcy court to pass on the request by the United States for leave to intervene in the Michigan suit, since the purpose of intervention is to secure a judicial valuation of Rumsey's termination claim against Packard, the security for the claim of the United States against Rumsey. We can leave to the bankruptcy court the issue of what sanctions, if any, will be available against the United States as a creditor, if it seeks intervention notwithstanding the bankruptcy court's denial of leave. On this appeal, it is sufficient that the bankruptcy court had the power to deny leave, provided that it did not abuse its discretion in so doing. To that issue we now turn.

■■ One of the grounds upon which the bankruptcy court denied the creditor leave to apply for intervention was that the application was not "timely," as required by Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The action was commenced in February 1947, the United States Attorney for the Eastern District of Michigan filed his appearance as attorney for Packard in May, 1947, but the motion for leave to intervene was not filed until November, 1948. Judge Knight thought that the application was not "timely." Denial of leave cannot be supported on this ground. Whether the application to intervene is "timely" is a question to be determined by the court to whom the application is made. In considering whether to give a creditor leave to apply for intervention the bankruptcy court is concerned only with whether the intervention, if granted, will be prejudicial to the bankrupt estate. We see nothing to indicate that the delay would be prejudicial since the application to intervene was filed the same day as Packard's answer. Moreover, it appears that an order joining the trustee as a party plaintiff was entered by Judge Lederle on October 23, 1948.[4] If this be the date of the trustee's intervention, less than one month elapsed before the United States applied for intervention.

4. The record contains also an order by Judge Lederle dated February 4, 1948 granting the trustee's petition "to become an additional party plaintiff."

Regardless, however, of the question of timeliness, Judge Knight gave reasons for denying to the United States leave to apply for intervention which are adequate to support such denial. As the United States, under its cost-plus-fixed-fee contract would be the party ultimately liable to pay any judgment recovered against Packard, the interest of the United States is to defeat the claim altogether or at least to hold it to as low a figure as possible. That interest will be adequately protected by the fact that the United States Attorney is acting as attorney for Packard. The interest of the trustee, on the other hand; is to obtain as large a judgment as possible. Even if his recovery does not equal the claim of the United States against Rumsey, every dollar of recovery will reduce that claim and thereby relieve other assets of the bankrupt estate. If the recovery is more than the claim against Rumsey, that claim will not only be paid in full but the surplus will be assets for other creditors. Under these circumstances the bankruptcy court was well justified in refusing leave to the creditor to apply to the Michigan court for intervention as a party plaintiff, since the only effect of intervention would be to hamper the trustee in the prosecution of his action.

The United States contends that by intervening it could prevent McAvoy from building up a claim for attorney's fees. If it be assumed without decision that under the Contract Settlement Act of 1944 McAvoy can recover attorney's fees as part of Rumsey's claim against Packard, the United States as assignee of the claim has no standing to object to that. Any recovery in the Michigan suit up to the amount of the claim of the United States against Rumsey will have only the effect of reducing the claim of the United States against other assets of the bankrupt estate. Certainly the bankruptcy trustee cannot be allowed anything against the United States for so reducing its claim. On the other hand, if the recovery is more than the claim of the United States against Rumsey, the United States, as assignee, will have been paid in full. Hence on no theory

can the United States be compelled to pay any part of McAvoy's attorney's fees.

In holding that the bankruptcy court rightly denied leave to the United States to apply for intervention in the Michigan case, we are not to be understood as intimating any opinion as to how Judge Lederle should rule on the application for intervention when that question comes before him.

The order is reversed in so far as it awarded an injunction; it is affirmed in so far as it refused leave to apply for intervention.