**UNITED STATES of America**

**v.**

**Ellsworth G. GASKINS, Marie A. Gaskins, Julia W. Gaskins, R. L. Bennett and Violet Bennett.**

**Civ. No. 442.**

United States District Court
E. D. North Carolina,
Washington Division.

Jan. 21, 1964.

Robert H. Cowen, U. S. Atty., Raleigh, N. C., for plaintiff.

Dunn & Dunn, New Bern, N. C., for defendants.

STERLING HUTCHESON, District Judge.

In compliance with Rule 52(a) of the Federal Rules of Civil Procedure, I find the facts specially and state my conclusions of law thereon, in the above case, as follows:

## FINDINGS OF FACT

1. This is an action brought by the United States of America based on a claim of the Small Business Administration, a governmental agency, created by an Act of Congress, by an enactment entitled "Small Business Act" (Public Law 163, 83rd Congress), under the general direction and supervision of the President, over which jurisdiction is conferred on this Court by Title 15, United States Code § 634(b) (1).

2. The defendants Ellsworth G. Gaskins, Marie A. Gaskins, Julia W. Gaskins, R. L. Bennett and Violet Bennett are citizens of the United States and residents of Aurora, North Carolina.

3. On or about November 30, 1955, the defendants, Ellsworth G. Gaskins, Marie A. Gaskins, Julia W. Gaskins, R. L. Bennett and Violet Bennett, executed and delivered to the Small Business Administration a promissory note in the principal sum of Four Thousand ($4,000.00) Dollars, bearing interest at the rate of three percent per annum, payable as follows: Principal installments of $25.00 on the first day of July, 1956, plus interest; and $75.00 plus interest on August 1, September 1, and October 1, 1956; and $75.00 plus interest on the first day of July, August, September and October of 1957 and 1958; and $175.00 plus interest on the first day of May, June, July, August, September and October of 1959, 1960 and 1961; final installment being due and payable on or before October 1, 1961.

4. The note was secured by a deed of trust dated November 30, 1955, from the said defendants and James C. Gaskins, deceased, to Clarence P. Moore and Robert G. Bowers, Trustees, on certain realty and personal property consisting of picture machinery, equipment, supplies and stocks of merchandise, said deed of trust being recorded in Book 119, Page 72, in the office of the Regis-

ter of Deeds of Pamlico County, North Carolina.

5. The defendants have failed to pay said note.

6. The property described in said deed of trust included real property and personal property, the personal property being described as "Also all motion picture machinery, equipment, supplies, stocks of merchandise including but not limited to projectors, screens, speakers, conduit, wire." The said deed of trust provides that upon application of the Small Business Administration the trustees are authorized and empowered to sell the real property and the personal property described therein at public auction to the highest bidder for cash at the Courthouse in Pamlico County. The exact words in the deed of trust are as follows:

"and, on the application of the party of the third part, it shall be lawful for and the duty of the party of the second part, and he is authorized and empowered, to sell the realty and personalty hereinbefore described at public auction to the highest bidder for cash at the usual and customary place for such sales at the courthouse in Pamlico County, after first giving notice of the time, place, and terms of such sale by posting said notice for not less than 30 days next preceding said sale at the Courthouse door and causing the same to be published at least once a week for four consecutive weeks in some newspaper published in Pamlico County (or, if there be none such qualified to publish legal notices, in some newspaper so qualified in an adjoining county); and upon such sale to execute to the purchaser a good and sufficient deed to said property."

7. On May 28, 1958 upon the application of the Small Business Administration for foreclosure of the said deed of trust, the trustee caused a notice of sale of the real property and personal property described in said deed of trust to be posted at the Courthouse door in Pamlico County, North Carolina, for thirty (30) days next preceding said sale, and a copy of said notice of sale to be duly and property published once a week for four (4) consecutive weeks in the Pamlico County Herald, a newspaper published in Pamlico County, North Carolina.

8. The said notice of sale prepared and posted by said trustees designated the place of sale for the real and personal property to be at the Courthouse door, in Bayboro, Pamlico County, North Carolina.

9. On July 1, 1958, pursuant to the notice of sale, the real and personal property described in said deed of trust was offered for public sale to the highest bidder for cash at the Courthouse door in Pamlico County, North Carolina. The personal property was not present at the Courthouse Door, the place designated for the said sale. No bids were made for either the personal or real property at the Courthouse door. The trustees then announced that the sale would be continued to the site of the theater where the personal property was located in order that all interested parties could properly view the personal property offered for sale; the trustees and a representative of the Small Business Administration and other interested parties proceeded to the site of the real property where the personal property was located, which was at the theater site several miles from the Courthouse Door in Pamlico County, North Carolina. At the theater site some of the personal property was then and there sold to the Small Business Administration for a bid of $300.00, and the remainder of the personal property was sold to one Thornton Sawyer for $200.00. The real estate was not sold at that time.

10. On July 1, 1958, pursuant to the terms of the aforesaid deed of trust, the personal property was sold at public sale and the total sales proceeds were $500.00 and the expenses of said sale were $85.40 and the net proceeds of the sale in the

amount of $414.60 were applied on the payment of said note.

11. The defendants after application of all credits are jointly and severally justly indebted to the plaintiff in the sum of $3,532.30 with interest thereon at the rate of 3% per annum from July 1, 1958, until paid. Demand has been made upon the defendants for said indebtedness and the defendants have failed to pay.

12. The Small Business Administration appraised value of the said personal property prior to the foreclosure sale was $1305.00, with a liquidated value of $480.00.

13. The validity of the foreclosure sale which took place on July 1, 1958 was not attacked by the defendants until they filed an answer in this suit on July 10, 1959.

### CONCLUSIONS OF LAW

From the foregoing facts, the court concludes that:

1. The foreclosure sale conducted by trustee Robert G. Bowers was valid in all respects and was conducted in accordance with the deed of trust and notice of sale. The sale was conducted in Bayboro, North Carolina, at the County Courthouse, at 12 o'clock Noon, on July 1, 1958, as advertised. There were no bidders for the real property. The personal property was then offered for sale, whereupon the trustee announced to all present that they were invited to go to the site of the Grantsboro Drivein Theater where the personal property was located, and the sale which began at the Courthouse in Bayboro was concluded at the Grantsboro Drivein Theater site. The personal property was sold to the highest bidder for a total of $500.00. The expenses of said sale were $85.40. The net proceeds which amounted to $414.60 were applied on payment of said note.

2. The personal property described in the deed of trust referred to in the complaint was sold pursuant to and in accord with the terms of the deed of trust. The trustee was not required to move the heavy theater equipment from the Grantsboro Drivein Theater to the Courthouse in Bayboro, North Carolina. Had he done so, he would have been derelict in his duties by incurring additional expenses for moving. The trustee properly exercised his discretion by not adjourning the sale at the Courthouse but merely continuing the sale to the site of the theater equipment.

3. Although the fair market value of the personal property is not a necessary issue in this action, it is concluded that the trustee received a fair market price for the personal property sold at the foreclosure sale. The defendants did not operate the theater after July of 1957. The defendants had ample opportunity to sell the theater equipment on their own before the Small Business Administration requested the foreclosure sale. In fact, the defendant Ellsworth G. Gaskins made some effort to dispose of the property between July, 1957 and June of 1958. He was unable to do so and did not receive a single firm offer. The trustee not only acted according to the terms of the deed of trust in advertising the property for sale, but he undertook to look elsewhere for prospective buyers. The Small Business Administration was forced to bid in part of the equipment at the foreclosure sale in order to protect the government's interest, subsequently, after due diligence in search of a buyer, the Small Business Administration sold said equipment at a loss.

4. Even if the foreclosure sale had been invalid, which it was not, the defendants are guilty of laches and are estopped from attacking the validity of the sale. The defendants had knowledge of the time and place of the foreclosure sale, yet they did not elect to attend or have someone else represent them at the sale, even though they estimate as high as $6,000.00 was involved. The defendants, Ellsworth G. Gaskins and R. L. Bennett say they did not attend the sale because the trustee wrongly advised

them that they would be allowed to raise the bids within ten days after the sale was completed. Yet, although the sale occurred July 1, 1958 and the defendants admit that on July 2, 1958 they found that the trustee was in error and that they could not raise the bids, the defendants did not attack the sale, sue for damages, or make any complaint concerning the validity of the sale until the plaintiff's complaint in this action was served on them over one year later.

5. The Court concludes that the plaintiff is entitled to have and recover of the defendants Ellsworth G. Gaskins, Marie A. Gaskins, Julia W. Gaskins, R. L. Bennett and Violet Bennett, jointly and severally, the sum of $3,532.30, plus interest thereon at the rate of 3% per annum from July 1, 1958 until date of this judgment, plus 6% per annum on both principal and interest from the date of this judgment until paid, plus the costs of this action to be taxed by the Clerk of this Court.