UNITED STATES of America,
Appellant,

v.

MEL'S LOCKERS, INC., Appellee.

No. 7906.

United States Court of Appeals
Tenth Circuit.

June 7, 1965.

Morton Hollander, Atty., Department of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., William T. Thurman, U. S. Atty., Sherman L. Cohn and Robert C. McDiarmid, Attys., Department of Justice, Washington, D. C., on the brief), for appellant.

William G. Fowler, Salt Lake City, Utah, on brief, for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PICKETT, Circuit Judge.

By Act of Congress, the Small Business Administration was created and placed under the direction and supervision of the President. An Administrator, appointed by the President, is charged with the execution and administration of the small business programs. The purpose of the Act was to "aid, counsel, assist, and protect, insofar as is possible, the interests of small-business concerns in order to preserve free competitive enterprise, to insure that a fair proportion of the total purchases and contracts or subcontracts for property and services for the Government * * * be placed with

small-business enterprises, to insure that a fair proportion of the total sales of Government property be made to such enterprises, and to maintain and strengthen the over-all economy of the Nation." 15 U.S.C. § 631(a)). In addition, the Administrator was given the power to loan money appropriated by Congress to qualifying businesses whenever loans from other sources were not available on reasonable terms. Section 634(b) provides that the Administrator may "(1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property; * * *."

The Administrator made a loan to Mel's Lockers, Inc., a Utah corporation, which was secured by real and chattel mortgages. After default, foreclosure proceedings were instituted in the United States District Court for the District of Utah. On August 28, 1963 a judgment in favor of the Administrator and a decree of foreclosure were entered in which the mortgaged property was ordered sold to satisfy the judgment. On the following day Mel's Lockers, Inc. filed a petition in the United States District Court for the District of Utah, seeking an arrangement with its unsecured creditors under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq. On Application of the petitioner, the referee in bankruptcy entered an order restraining and enjoining all creditors of the petitioner from "instituting or prosecuting any action against said debtor in any Court and from attaching, garnishing or otherwise levying upon any property or assets * * * of the said debtor." Relying upon Section 314 of the Bankruptcy Act, (11 U.S.C. § 714),[1] The referee denied the motion of the Administrator to dissolve the order which enjoined it from continuing with the foreclosure proceedings.

■■ The Small Business Administration, a non-incorporated federal agency, is an integral part of the United States government and it has the full sovereign immunity of the United States unless such immunity has been waived by congressional action. Small Business Administration v. McClellan, 364 U.S. 446, 81 S.Ct. 191, 5 L.Ed.2d 200. The parties agree that the question presented is whether the Small Business Act, together with the provisions of Section 314 of the Bankruptcy Act, constitutes a waiver of immunity from injunction. We hold that there is no statutory waiver of the immunity.

■ Although with the advent of numerous governmental legal entities some of which operate as business concerns, there has been a trend in congressional policy to permit such entities to sue and be sued,[2] still no suit may be brought and maintained against the United States without its consent. United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628, rehearing

---

1. 11 U.S.C. § 714 reads: "The court may, in addition to the relief provided by section 29 of this title and elsewhere under this chapter, enjoin or stay until final decree the commencement or continuation of suits other than suits to enforce liens upon the property of a debtor, and may, upon notice and for cause shown, enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor."

2. It has been held that in appropriate statutes creating governmental corporations and agencies, the "sue and be sued" clause, while not explicitly waiving governmental immunity from suit, the intent of congress was that the governmental immunity was waived as to particular corporations and agencies created. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; Federal Housing Administration, Region No. 4 v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724; Keifer & Keifer v. R. F. C., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784.

denied 338 U.S. 840, 70 S.Ct. 31, 94 L.Ed. 514; State of New Mexico v. Backer, 10 Cir., 199 F.2d 426; Jones v. Tower Production Co., 10 Cir., 120 F.2d 779; United States v. Patterson, 5 Cir., 206 F.2d 345; Cf. Harper v. Jones, 10 Cir., 195 F. 2d 705, cert. denied 344 U.S. 821, 73 S.Ct. 19, 97 L.Ed. 639. When the sovereign immunity is waived by congress, the consent may be limited and the jurisdiction of the court, or courts, in which suits can be maintained may be defined by the legislation. In United States v. Sherwood, 312 U.S. 584, 586–587, 61 S.Ct. 767, 769–770, 85 L.Ed. 1058, the Supreme Court said:

> "The United States, as sovereign, is immune from suit save as it consents to be sued, United States v. Thompson, 98 U.S. 486 [25 L.Ed. 194]; United States v. Lee, 106 U.S. 196 [1 S.Ct. 240, 27 L.Ed. 171]; [State of] Kansas v. United States, 204 U.S. 331 [27 S.Ct. 388, 51 L.Ed. 510]; [State of] Minnesota v. United States, 305 U.S. 382, 387 [59 S. Ct. 292, 294, 83 L.Ed. 235]; Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 388 [59 S.Ct. 516, 517, 83 L.Ed. 784]; United States v. Shaw, 309 U.S. 495 [60 S.Ct. 659, 84 L.Ed. 888]. See cases cited in The Pesaro, D.C., 277 F. 473, 474, et seq., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. Minnesota v. United States, supra, 305 U.S. 388 [59 S.Ct. 295] and cases cited; cf. Stanley v. Schwalby, 162 U.S. 255, 270 [16 S.Ct. 754, 764, 40 L.Ed. 960]. * * *"

In Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306, speaking of limitations on the waiver of immunity, the court said:

> "With this intent in mind, Congress has passed specific legislation each time it has seen fit to toll such statutes of limitations because of war. And this Court has long decided that limitations and conditions upon which the Government consents to

be sued must be strictly observed and exceptions thereto are not to be implied. United States v. Sherwood, 1941, 312 U.S. 584, 590–591 [61 S. Ct. 767, 771, 85 L.Ed. 1058], and cases there cited."

The provisions in the Small Business Act which permit the Administrator to be sued, specifically provide that no injunction shall be issued against the Administrator or his property. This language is too clear for misunderstanding that there is no waiver by Congress as to injunction suits. Section 314 of the Bankruptcy Act (11 U.S.C. § 714) is a general statute authorizing the bankruptcy court, in proper cases, to enjoin action by the bankrupt's creditors. It makes no reference as to claims of the United States, and the general language cannot be construed as a waiver of governmental immunity. McAvoy v. United States, 2 Cir., 178 F.2d 353.

The judgment of the trial court is reversed and the case remanded with instructions to dissolve the injunction insofar as it affects the Small Business Administration.