Richard A. vonLUSCH and Marie vonLusch, his wife

v.

Meredith R. HOFFMASTER, Regional Director, Small Business Administration. Small Business Administration, an Agency of the United States of America created by Act of Congress.

Civ. No. 17120.

United States District Court
D. Maryland.

May 10, 1966.

Leonard J. Kerpelman, Baltimore, Md., for plaintiffs.

Thomas J. Kenney, U. S. Atty., and Thomas P. Curran, Asst. U. S. Atty., Baltimore, Md., for defendants.

**634**

THOMSEN, Chief Judge.

The complaint in this case seeks a mandatory injunction against the Small Business Administration and its Regional Director requiring them "to cancel and rescind their requirement that the Plaintiffs secure a 100% performance bond and labor and materials payment bond as a condition of the grant of a loan to the Plaintiffs" under 15 U.S.C.A. § 636. Defendants have moved to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted.

Two provisions of the Small Business Act are particularly important in this case. Section 634(b) (1) provides:

"(b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may—

"(1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property:"

Section 636(a) (7) provides:

"(a) The Administration is empowered to make loans to enable small-business concerns to finance plant construction, conversion, or expansion, including the acquisition of land; or to finance the acquisition of equipment, facilities, machinery, supplies, or materials; or to supply such concerns with working capital to be used in the manufacture of articles, equipment, supplies, or materials for war, defense, or civilian production or as may be necessary to insure a well-balanced national economy; and such loans may be made or effected either directly or in cooperation with banks or other lending institutions through agreements to participate on an immediate or deferred basis. The foregoing powers shall be subject, however, to the following restrictions and limitations"

" * * *

"(7) All loans made under this subsection shall be of such sound value or so secured as reasonably to assure repayment."

The loan which plaintiffs seek is a "direct loan" under subsection 636(a).

The complaint alleges that plaintiffs, who are engaged in the business of selling antiques at retail, applied to defendants for a loan to aid them in enlarging their plant; that since plaintiff Richard vonLusch is a graduate engineer with experience in building construction, he intended that he himself would design, supervise and construct the proposed addition to plaintiffs' present building, at a cost less than a building contractor would charge; that the loan was approved in the amount of $68,500 upon condition that plaintiffs supply a 100% bond guaranteeing performance of the proposed construction and payment for labor and materials used therein; that for various reasons plaintiffs have been unable to obtain the required bond; and that the requirement that such a bond be furnished is arbitrary, capricious and unlawful.

The Small Business Administration, a non-incorporated federal agency, is an integral part of the United States government. Small Business Adm'n v. McClellan, 364 U.S. 446, 81 S.Ct. 191, 5 L.Ed.2d 200 (1960). It has the full sovereign immunity of the United States unless such immunity has been waived by congressional action. United States v. Mel's Lockers, Inc., 10 Cir., 346 F.2d 168 (1965). When sovereign immunity is waived by Congress, the consent may be limited and the jurisdiction of the courts in which suit can be maintained may be defined by the legislation. United States v. Sherwood, 312 U.S. 584, 587, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); United States v. Mel's Lockers, Inc., supra, and cases cited therein.

Despite the prohibition against injunctions contained in 15 U.S.C.A. 634

(b) (1), plaintiffs argue that this suit for an injunction may be maintained under section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, which provides:

"§ 1009. *Judicial review of agency action*

"Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.

*"Rights of review*

"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof.

*"Form and venue of proceedings*

"(b) The form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action (including actions for declaratory judgments on writs of prohibitory or mandatory injunction or habeas corpus) in any court of competent jurisdiction. Agency action shall be subject to judicial review in civil or criminal proceedings for judicial enforcement except to the extent that prior, adequate, and exclusive opportunity for such review is provided by law."

Plaintiffs' reliance on this section overlooks the two exceptions contained in the introductory paragraph, which limits all succeeding paragraphs.

 (1) The Act creating the Small Business Administration provides, in section 634(b) (1), quoted above, that no injunction may be issued against the Administrator. Plaintiffs seek to avoid this exception by citing a sentence from section 12 of the Administrative Procedure Act, 5 U.S.C.A. § 1011, which states: "No subsequent legislation shall be held to supersede or modify the provisions of this chapter except to the extent that such legislation shall do so expressly." The only cases cited by plaintiffs to support their contention are Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 (1955), and cases following that decision, all of which deal with a provision in the Immigration and Nationality Act of 1952 which makes deportation orders of the Attorney General "final". No case has been cited or found which holds that the quoted sentence from 5 U.S.C.A. § 1011 makes ineffective such an express provision as that contained in 15 U.S.C.A. § 634, quoted above, prohibiting the issuance of injunctions or other similar process against the Administrator of the Small Business Administration. Many cases hold that the Administrative Procedure Act does not extend the jurisdiction of the federal courts to cases not otherwise within their competence. Gustavsson Contracting Co. v. Floete, 2 Cir., 278 F.2d 912, 914 (1960), and cases cited.

(2) More importantly, perhaps, plaintiffs' argument overlooks the second exception in the introduction to 5 U.S.C.A. § 1009, cases where "agency action is by law committed to agency discretion". Congress has committed to the discretion of the Small Business Administrator what loans shall be made and how they shall be secured. See generally the provisions of 15 U.S.C.A. § 636(a), particularly paragraph (7) thereof, quoted above. The Courts have consistently given effect to the provision excepting from the ambit of 5 U.S.C.A. § 1009, "agency action that is by law committed to agency discretion". Panama Canal Co. v. Grace Line, 356 U.S. 309, 317, 78 S.Ct. 752, 757, 2 L.Ed.2d 788 (1958); Bozell v. United States, 4 Cir., 199 F.2d 449, 450 (1952); Boddie v. Weakley, 4 Cir., 356 F.2d 242 (1966); 4 Davis, Administrative Law Treatise, § 28.16 (1958 ed. and 1965 pocket part). It is so clear that the terms and conditions of loans under 15 U.S.C.A. § 636(a) fall within that exception that the proposition has apparently never been challenged in the courts.

 Even if it could be challenged, the complaint does not allege any facts

which would entitle plaintiffs to relief. The Miller Act provides that all contracts for the construction of public buildings be supported by a bond guaranteeing performance of the contract and payment for labor and materials. 40 U.S.C.A. 270a–d. In the instant case, the Administrator of the Small Business Administration would no doubt have required that any contract for the building of the proposed building provide for a similar bond; a fortiori, the Administrator was justified in requiring an appropriate bond to protect the loan where the borrower intends to be his own building contractor. An uncompleted building would be very doubtful security, and unpaid bills for labor and materials might well result in liens against the property or otherwise jeopardize repayment of the loan. See United States v. Houff, W.D. Va., 202 F.Supp. 471, 474 (1962), where Judge Michie quoted with approval from Reconstruction Finance Corporation v. McCormick, 7 Cir., 102 F.2d 305, 317 (1939).

The motion to dismiss the complaint is hereby granted. Judgment will be entered for the defendants, with costs.