ORDER DENYING PRELIMINARY INJUNCTION AND DISMISSING COMPLAINTS
DAVID W. WILLIAMS, District Judge.
Following the February 9, 1971 earthquake, President Nixon declared Los Angeles County a disaster area for purposes of making low interest loans available under the Disaster Relief Act to persons whose property had suffered damage. This relief program was administered by the Small Business Administration (SBA). A damage survey of the disaster area was prepared by the Office of Emergency Preparedness and it was estimated that total damage would approximate 240 to 250 million dollars. Accordingly a loan pool of 242 million dollars was set up for use by the SBA in making loans to those whose applications that agency approved.
About March 1, 1971, the SBA began accepting applications for loans and it fixed February 29, 1972 as the deadline for the filing of such applications. During this one-year period approximately 83,000 applications were filed of which approximately 50,000 were received during the first nine months of the filing period.
Plaintiffs bring this civil action for injunctive relief on behalf of a putative class of some 30,000 people who applied for disaster relief loans during the last three months of the filing period and whose applications were rejected.[1] Plaintiffs seek to enjoin the SBA from requiring those who filed applications during the last three months of the one-year period from having to accompany the application with a structural engineer’s report to be prepared at the estimated cost of $150.[2] Such a report was not required of those who filed their applications during the first nine months.[3] Indeed, it is alleged that the SBA never communicated to plaintiffs or members of their class the fact that a structural engineer’s report would be required; rather, plaintiffs and others had to call and insist on knowing the reasons why their applications were rejected before they were informed of the new requirement. Also, it appears that those who filed during the last three months were subjected to a financial screening in order to determine their ability to repay the loan whereas earlier applicants were not required to show ability to repay. Plaintiffs contend that to require a structural engineer’s report of those who filed during the last three months and to require a strong showing of ability to *6 repay is vexatious and invidious in that, (1) it is arbitrary, unreasonable and unnecessary to a determination of real property damage that is earthquake connected, (2) it unnecessarily imposes a heavy financial burden on poorer applicants, and (3) it unreasonably discriminates against those who applied for disaster relief in the last three months of the filing period and in favor of those who applied during the first nine months.
During the three week period March 10 to March 31, 1972, the Los Angeles office of the SBA processed an unprecedented 27,711 applications for loans under the Disaster Relief Act. Of these 26,724 were rejected, more than eighteen times the number of rejections for any three weeks during the filing period. Plaintiffs allege that rejecting this large a number of applications was both whimsical and arbitrary.
The SBA acknowledges that it changed its requirements during the last few months of the program, but explains that the increase in the number of applications during the last three months was unexpected. Past experience in administering Disaster Relief loans revealed that the first few months of the filing period would attract the majority of those who suffered bona fide disaster connected damage and who could not get reconstruction assistance on as favorable terms from other sources. Based on this same experience in administering past loans, it was expected that past patterns would prevail and that the last quarter of the filing period would see a great diminution of filed applications. During the first eight months of the filing period almost 44,000 loan applications were filed and the total amount of loans requested was $194,000,000 out of which loans totalling approximately $154,000,000 were approved. The last few months, however, brought an inordinate number of applications and it was apparent that this new wave of claims, if approved in the same ratio as past claims, would far exceed the balance of authorized funds. At about the same time it was discovered that many of the earlier applications were misleading and the product of fraudulent misrepresentations on the part of homeowners, some of whom padded their damage claims or applied for funds to repair damage not connected with the earthquake. Appeals to Congress for additional funds proved fruitless. Thus, it was deemed wise to stop the earlier relaxed investigative procedures, originally instituted fresh upon the tragic earthquake, which resulted in attracting fraudulent and ineligible damage claims that siphoned off a substantial part of the loan pool. The SBA therefore sought to preserve the few remaining millions of dollars to those able to establish eligibility by a clear showing of need for the amount requested and reasonable ability to repay.
The SBA contends that it did not change the requirements until after all applicants who were in the “critical” category had received loans. Though some will be inconvenienced by the new requirement, the agency argues that no applicant will experience any real hardship.
The government contends that this court has no jurisdiction to hear this case and relies on, (1) plaintiff’s failure to allege a jurisdictional statute, (2) 15 U.S.C. § 634(b) which precludes injunctive action against the SBA Administrator, and (3) 5 U.S.C. § 701(a) (2) which precludes a court from reviewing agency action committed by law to agency discretion.
Since the purpose of the complaint is for the plaintiff to notify the defendant of the facts upon which he relies for recovery, only if jurisdiction does not affirmatively appear from the facts stated in the complaint should the complaint be dismissed. Seese v. Bethlehem Steel Co., 74 F.Supp. 412 (D.Md.), aff’d 168 F.2d 58 (4 Cir.1948). Thus when a complaint is filed the inquiry for jurisdiction begins, and only when it appears to a certainty from the face of the complaint that the plaintiff cannot allege a case conferring jurisdiction *7 should the complaint be dismissed for failure to contain allegations which confer jurisdiction. Johnson v. Park City Consol. Mines Co., 73 F.Supp. 852 (E.D.Mo.1947); see also, McKenzie v. Blidberg Rothchild Co. Inc., 12 F.R.D. 392 (S.D.N.Y.1952).
 The government directs my attention to 15 U.S.C. § 634(b) and argues that this Court cannot have jurisdiction in a suit, the object of which is to enjoin the Administrator of the SB A. While some cases have held that the Administrator cannot be enjoined, see, e.g., vonLusch v. Hoffmaster, 253 F.Supp. 633 (D.Md.1966); U. S. v. Mel’s Lockers, Inc., 346 F.2d 168 (10th Cir.1965), those cases were predicated on the specific finding that the Administrator was acting pursuant to some authority vested in him by Small Business Act.[4] It should be clear, however, that when the Administrator acts beyond the scope of his authority 15 U.S.C. § 634(b) does not preclude injunctive action.[5] The Court in Lloyd Wood Construction Co. v. Sandoval, 318 F.Supp. 1167 (N.D.Ala.1970), while holding that it had no power to enjoin the SB A Administrator also held that actions and determinations by the Administrator which are beyond the scope of authority granted him by the Act must be set aside by a federal court. Similarly, other federal courts have held that even though certain agency actions may be unreviewable because precluded by statute, yet when there is an abuse of discretion.such that the agency no longer acts pursuant to its statutory discretion, the Court may review and set aside the agency action. Scanwell Laboratories v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970); Jones v. Freeman, 400 F.2d 383 (8th Cir.1968) ; Peoples v. Department of Agriculture, 138 U.S. App.D.C. 291, 427 F.2d 561 (1970); but see, Seatrain Lines, Inc. v. United States, 233 F.Supp. 40 (D.N.J.1964). Thus this Court would have to find that the Administrator abused his discretion and acted outside the scope of his authority in requiring the structural engineer’s report and in investigating the financial ability, of the applicant to repay the loan before I could conclude that 15 U.S.C. § 634(b) does not preclude injunctive relief in this case.
This Court’s jurisdiction, even if not precluded by Section 634(b) is still subject to the Administrative Procedure Act, 5 U.S.C. § 701 et seq. The government contends that there can be no jurisdiction under the Administrative Procedure Act because the determination of whether to grant a Disaster Relief loan is action committed to agency discretion by law and not reviewable by a federal court, vonLusch v. Hoffmaster, supra 253 F.Supp. at 635. The words, “committed by law to agency discretion” are not talismanic. Whether agency action has been committed by law to agency discretion call for a consideration by the Court of the statute under which the action is taken, its language and purpose, and the nature of the activity or conduct being regulated. Sugar-man v. Forbragd, 267 F.Supp. 817 (N.D.Cal.), aff’d 405 F.2d 1189 (9th Cir.), cert. denied, 395 U.S. 960, 89 S. Ct. 2103, 23 L.Ed.2d 747 (1969). Thus the Court is to determine whether the entire act complained of is committed by law to agency discretion or whether in performing a discretionary act the agency failed to perform a ministerial duty which caused injury to plaintiffs. Sugarman v. Forbragd, supra; see Jones v. Freeman, supra.
Thus, 15 U.S.C. § 634(b) precludes Courts from assuming jurisdiction unless the Administrator acted beyond the *8 scope of the SBA’s authority. Since the determination of whether to grant a loan is action committed by law to agency discretion, this Court is barred by the A.P.A. from reviewing loan determinations except to the extent that those determinations involve the failure to perform a ministerial duty. See, Sugarman v. Forbragd, supra.
The first question is whether the SBA has absolute authority to determine what is necessary to constitute a sufficient showing of earthquake connected damage and whether this authority is by law committed to agency discretion. This calls for a determination whether the requirement of a structural engineer’s report was arbitrary and an abuse of discretion or whether it was both appropriate and necessary to preserve the loan pool for those who were able to show bona fide earthquake connected damage.
It is clear beyond question that 42 U. S.C. § 4451 empowers the SBA to administer loans under the Disaster Relief Act in the same manner as it administers the Disaster Loan Program, 15 U. S.C. § 636(b). Under the Disaster Loan Program the administrator has plenary authority to make such loans as in his discretion may be “necessary or appropriate.”
Guidelines were promulgated in order to aid prospective applicants to determine what information they would be required to produce in order to file an application meeting the “necessary or appropriate” test for assistance. These guidelines were for informational purposes, however, and were not binding on the SBA. Accord, United States v. Associated Merchandising Corp., 261 F. Supp. 563 (S.D.N.Y.1966). The law in this circuit is clear that an administrative agency should not be bound to a guideline when from experience it appears that the guideline was improvident. Flotill Products Inc. v. Federal Trade Commission, 358 F.2d 224 (9th Cir.1966); see also, Maxwell Co. v. N. L.R.B., 414 F.2d 477 (6th Cir.1969).
It clearly appears that the requirement of a contractor’s estimate of the damage, called for by the old guidelines, allowed a large number of applicants to claim more than the amount of actual earthquake connected damage to their property. It also appears that the requirement of a structural engineer’s report is both an attempt to discourage fraudulent applications and a way of assuring that those who have bona fide earthquake connected damage will receive assistance. Rejected applicants were either given adequate written notice of the new requirements or they were invited to call and discuss their applications. Under these circumstances, I cannot conclude that the Administrator abused his discretion nor acted beyond the scope of his authority. It is not the duty of a Court to substitute its opinion for that of the administrative agency. Therefore, having concluded that there was no abuse of discretion, I am of the opinion that 15 U.S.C. § 634(b) precludes this Court from assuming jurisdiction over plaintiffs’ prayer to enjoin the SBA from requiring a structural engineer’s report.
Plaintiffs allege that many of the 26,000 applications rejected during the three-week period were rejected for non-existent or frivolous reasons, and that often the letter of rejection did not respond to the facts recited in the application. They contend, in effect, this indicates that the applications were not reviewed and that the SBA did not exercise its discretion to determine whether or not it will grant a loan to a given applicant.
Though the government contends that under 42 U.S.C. § 4451, the agency has absolute discretion to determine whether or not to make a loan under the Act, it seems to assume that discretion was exercised as no clear explanation has been made to the Court why such a large number of applications were processed in such a short period of time.
The Disaster Relief Act clearly states that the SBA shall administer disaster relief loans in accordance with its *9 administration of the Disaster Loan Program. Under 15 U.S.C. § 636(b) the agency is empowered to make such loans as “the Administration may determine to be necessary or appropriate.” This language calls for a determination, which implies that some consideration of each application must be undertaken. While it may be true that an individual has no right to receive a loan under the Disaster Loan Program, he does have the right to file an application and to have his application reviewed. In Simpkins v. Davidson, 302 F.Supp. 456 (S.D.N.Y. 1969) the plaintiff brought a mandamus action seeking to enjoin the SBA from refusing to grant him a loan. The Court held that Sec. 634(b) removed any jurisdiction the Court might have to compel the agency to grant plaintiffs a loan, but that it had a statutory duty to process the plaintiff’s loan application. What Simpkins makes clear is that discretionary acts of the SBA may not be reviewed, but, acts which are tantamount to a refusal to exercise discretion are subject to judicial review. Whatever the limits on this Court’s authority to review denial of an application, they do not preclude judicial review when the SBA has refused to follow its statutory duty to determine whether the loan to a given applicant is “necessary or appropriate.” Simpkins, supra.
Here, plaintiffs have merely raised a suspicion but has shown no hard proof of failure to review. The letters which plaintiffs claim irrefutably show that the SBA did not review the applications all contain a statement to the effect that the agency will answer any questions concerning the rejection. Indeed plaintiffs concede that when an applicant calls he receives whatever information he wants. Under these circumstances I cannot conclude that the SBA failed to exercise its discretion.
Plaintiffs also ask this Court to enjoin the agency from considering the applicant’s ability to repay in processing the loan application. When Congress gave the discretion to determine whether an applicant stated a “necessary or appropriate” case for a loan, that discretion necessarily included the applicant’s ability to repay. See, St. Petersburg Bank & Trust v. Boutin, 445 F.2d 1028 (5th Cir. 1971). I note that the SBA published its intention to consider the applicant’s ability to repay in the Federal Register. 35 F.R. 16167 (1971); 13 C.F.R. 123.7. On this basis it cannot be concluded that the agency abused its discretion or acted arbitrarily in considering the applicant’s ability to repay. I am without power to set aside this practice.
I conclude that this Court is without jurisdiction to entertain plaintiffs’ application for a preliminary injunction. An order shall issue dismissing plaintiffs’ complaint pursuant to Fed.R.Civ. Pro. 12(b) (1).

. Plaintiffs omitted to state their jurisdictional basis in the complaint. In memoranda filed in support of their application for a preliminary injunction they have asserted jurisdiction alternatively under 28 U.S.C. §§ 1343(3), 1343 (4) and 1346. During oral argument they also asserted jurisdiction under 42 U.S.C. § 4451 and § 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

. Applicants were allowed to increase their loan applications by the amount of the structural engineer’s report. If the loan was not approved, however, the SBA would not reimburse the applicant for the expense of the report.

. For those who applied during the first nine months only a licensed contractor’s estimate of the nature of the damage and the cost of repair was required. This estimate was without cost to the applicant.

. Of course a federal court always has jurisdiction to determine whether it has subject matter jurisdiction over a complaint. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

. Indeed, the language precluding injunctive action against the administrator is qualified by the introductory clause of 15 U.S.C. § 634(b) “(b) In the performance of, and with respect to the functions, powers and duties vested in him by this chapter . . . ”