**CROCKETT MORTGAGE COMPANY**

v.

**GOVERNMENT NATIONAL MORTGAGE ASSOCIATION.**

Civ. A. No. 75–3181.

United States District Court,
E. D. Pennsylvania.

Aug. 31, 1976.

**1082**

Herman P. Weinberg, Philadelphia, Pa., for plaintiff.

Judah I. Labovitz, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

CAHN, District Judge.

The plaintiff, Crockett Mortgage Company ("Crockett"), bid on six mortgages which were offered in a sale of options to purchase mortgages from defendant, Government National Mortgage Association ("GNMA"). Crockett's bid was not accepted, because an earlier but lower bid had already been accepted. Crockett requests an injunction setting aside all sales of mortgages under the procedure used by GNMA from October 15, 1975, until February, 1976.

GNMA has filed a motion to dismiss for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. For purposes of this motion the court accepts as true the facts stated in the complaint and will grant the motion but with leave to Crockett to amend its complaint.

On October 15, 1975, GNMA started a new procedure for selling mortgages. Instead of waiting until the end of a bidding period to accept the highest bid for each mortgage offered, GNMA accepted the first bid above the minimum price it had set. GNMA did not give Crockett the informa-

tion necessary to make its bid until 3:00 p. m. on October 15, after the lower bids had been accepted at 1:00 p. m. Crockett claims that the procedure was arbitrary, and that it was an abuse of discretion because it did not result in "minimum loss to the Federal Government". 12 U.S.C. § 1716(c).

■ GNMA's assertion of lack of subject matter jurisdiction is based upon sovereign immunity. 12 U.S.C. § 1723a(a) gives GNMA the power "to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal, but no attachment, injunction, or other similar process, mesne or final, shall be issued against the property of the Association or against the Association with respect to its property . . . ." Almost identical language in the enabling legislation of the Small Business Administration has generally been interpreted as a limited waiver which does not waive immunity from suits for injunctions. 15 U.S.C. § 634(b)(1). *United States v. Mel's Lockers, Inc.*, 346 F.2d 168 (10th Cir. 1965); *Romeo v. United States*, 462 F.2d 1036 (5th Cir. 1972), *cert. denied*, 410 U.S. 928, 93 S.Ct. 1361, 35 L.Ed.2d 589 (1973). The case relied on by Crockett does state in dicta that an injunction against the Administrator of the Small Business Administration is not precluded if he acts beyond the scope of his authority. *Dubrow v. Small Business Administration*, 345 F.Supp. 4 (C.D.Cal.1972). The case relies in part on language in the statute which is not in 12 U.S.C. § 1723a(a). Sovereign immunity precludes an injunction against GNMA. Crockett will have leave to amend to allege money damages, as it requested.

■ A separate ground for the denial of an injunction is that present holders of the mortgages played no part in the alleged wrong about which plaintiff complains. Equitable relief which would disturb their ownership is not appropriate.

■ Crockett does not state proper grounds for jurisdiction in its complaint. It alleges that "[j]urisdiction lies in the Federal Courts by virtue of the fact that the Defendant is a Federal Corporation, created by an Act of Congress, in 12 U.S.C.A., Section 1716B, etc." The act cited does not grant federal subject matter jurisdiction. Federal incorporation is the basis for such jurisdiction only if the United States owns more than one-half of the capital stock. 28 U.S.C. § 1349. GNMA has no capital stock. 12 U.S.C. § 1717(a)(2)(A). Plaintiff has not alleged an amount in controversy. For these reasons, the case must be dismissed for lack of jurisdiction, but because the court raised this ground for dismissal on its own motion, Crockett will have leave to amend to state jurisdiction.

■ Defendant's motion to dismiss will not be granted on the other ground defendant argued, failure to state a claim upon which relief can be granted, because GNMA's procedure of accepting the first bid above a set minimum and its manner of supplying information to plaintiff are reviewable. Such actions are not "committed to agency discretion by law" within the meaning of the Administrative Procedure Act. 5 U.S.C. § 701(a)(2). Because nearly all agency actions involve some discretion, this exception to reviewability is narrow. It applies only when "statutes are drawn in such broad terms that in a given case there is no law to apply." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). 12 U.S.C. § 1716 provides the law to apply. The scope of review, however, is confined to whether the agency action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706(2)(A).

For the above reasons, the court may review GNMA's action, but only if an amended complaint which states grounds for jurisdiction is filed.