Simeon SIMPKINS, Plaintiff,

v.

Richard DAVIDSON and Small Business Administration, Defendants.

68 Cr. 2249.

United States District Court
S. D. New York.

April 24, 1969.

Simeon Simpkins, plaintiff, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, by Simon P. Gourdine, Asst. U. S. Atty., for defendants.

OPINION.

TYLER, District Judge.

Plaintiff is a painter and painting contractor who claims to have conceived a method for handling certain small con-

struction and maintenance contracts at a cost substantially less than the present market rates in New York City for such work. In particular, his goal is to obtain small painting contracts which require primarily unskilled laborers, and to hire these laborers from among the unemployed ghetto-dwellers. In order to finance his business purposes, Mr. Simpkins sought a loan from the Small Business Administration ("SBA"), and it is out of his failure to obtain that loan that this suit arises. Simpkins represents himself before this court, and apparently has personally handled his affairs before the SBA.

There now is before this court a motion by defendants SBA and Richard Davidson, the SBA loan officer who dealt with Mr. Simpkins, for summary judgment pursuant to Rule 56, F.R.Civ.P. It is the theory of the movants that, based upon propositions of fact alleged to be uncontroverted as set forth in their statement pursuant to General Rule 9(g) of this court, the complaint and supporting papers fail to state a claim upon which relief can be granted and to establish subject matter jurisdiction.

According to his complaint, plaintiff, a resident of New York, is qualified to do business in this state under the trade name Cosmic Cultural Company. His business background is primarily in the area of "business building contracting" and "business maintenance contracting". The central facts upon which plaintiff bases his claim are contained in Paragraph 7 of the complaint, which reads as follows:

"That the defendants deliberately refused to make a loan to the plaintiff of ($20,000.00) twenty thousand dollars for the development and extension of his hereinabove mentioned businesses, etc. *without any justifiable cause whatever* even while he had won a contract bid currently with the Division of Maintenance and Operation, New York City Board of Education * * * for ($30,000.00) thirty thousand dollars * * * while engaging in unwarranted quibblings, cavillings, prevarica-

tions, animadversion, etc. for which he had previously and currently made properly written applications covering all pertinent applicable stipulations and statutes of the Small Business Act. * * * "

Finally, plaintiff seeks the following relief from this court in Paragraph 16 of the complaint:

" * * * to have the defendants' obstructionists tactics and said Named Representative Richard Davidson of/and The Small Business Administration * * * return the proper status and serve the purposes and purviews for which Congress * * * created it, and thereafter that the requested $20,000.00 loan + $5,000.00 thereof be granted to the plaintiff forthwith, and an interdiction against any future unwarranted quibblings, cavortings, cavillings, and general miscreant business behavior on the part of the defendants in this regard * * * and such other relief as this court may deem just * * *."

In support of their motion, the defendants have submitted the affidavit of Richard Davidson. He therein substantiates Mr. Simpkins on most important points save one. According to Davidson:

"Our records indicate that Mr. Simpkins was supplied an application *at his insistence* but this application was never *officially* filed with the Agency for their consideration and processing." (Emphasis added.)

In his opposing affidavit, plaintiff outlines in some detail the information which he submitted to the SBA "as they had requested and required in March 1968 in written application by the by the [sic] plaintiff * * *". Plaintiff's Affidavit, Paragraph 8.

Defendants are correct in their assertion that this court has no subject matter jurisdiction to issue a writ of mandamus compelling the defendants to grant Mr. Simpkins a loan. The only statute involved, 28 U.S.C. § 1361 (1962), relates only to ministerial acts of employees of the United States; it cannot

be used to compel such an employee to reach a specific result in a decision wherein the Congress has clearly and properly given him discretion. See, *e. g.*, Seebach v. Cullen, 224. F.Supp. 15, 17 (N.D.Cal.1963). Nor can jurisdiction on that claim be grounded upon 15 U.S.C. § 634(b) (1) (1961) which specifically states that "no * * * injunction * * * shall be issued against the Administrator or his property." Accordingly, so much of the complaint as requests a writ of mandamus or a mandatory injunction compelling the grant of the loan to plaintiff must be dismissed.

■ This, however, does not end the matter. I read the complaint to allege that the defendants have not given the consideration required by law to his application for a loan. It is conceded by the SBA that it has rendered no formal decision on plaintiff's loan. (See Davidson Affidavit.) In explanation, Davidson states that Simpkins never "officially filed with the Agency" his formal application. In substance, Mr. Simpkins controverts this fact in his opposing affidavit.[1] If at trial Simpkins can prove that he filed his application for a loan and the defendants would not or did not make a decision thereon, subject matter jurisdiction would lie under Section 1361 to issue a writ of mandamus compelling the SBA to consider the application and come to a decision as to whether the loan will be granted.[2]

Another problem should be considered here, if only because the plaintiff is acting in this litigation as his own attorney. In his opposing affidavit, Mr. Simpkins states that he seeks:

"* * * damages judgment in the sum of ($100,000.00) one hundred thousand dollars against the defendants * * * for defaulting on orally stipulated loan agreement * * * thereby causing the plaintiff to default on * * * [a] bid with the Division of Maintenance and Operations of [the] Board of Education * * *".

■ Obviously, this sworn statement cannot be considered part of the complaint or a request or motion to amend the complaint. I note, however, that such an amendment might be allowed under the Federal Rules of Civil Procedure, and the amended complaint would apparently state the jurisdictional requirements under 15 U.S.C. § 634(b) (1). The existence of this statement in Simpkins' affidavit is an additional reason for the court to refuse to dismiss the complaint *in toto* at this stage of the case.

In accordance with the views expressed above, I grant defendants' motion to dismiss so much of the complaint as requests a writ of mandamus compelling the grant of the loan in question; I deny the motion as to the rest of the complaint; and plaintiff may seek to amend his complaint in the manner mentioned above in the regular course before the motion part of this court.

It is so ordered.

1. Concededly, plaintiff's affidavit can be read in two ways. First, it might mean that he claims to have actually completed and filed the formal application supplied by the SBA. Second, it could mean that although he did not file the formal application, he supplied the SBA in writing with all the information requested on the form. Although the affidavit is ambiguous, it would appear that either state of the facts would require a denial of the motion for summary judgment.

2. It seems clear from language in various parts of the complaint that Mr. Simpkins at some point became aware that the SBA would not grant his request for a loan. In some respects, this fact appears to be inconsistent with the theory of jurisdiction stated in the text. It is not. A citizen who complies with reasonable administrative procedures in making an application such as the one in question is entitled to a formal disposition, however unmeritorious his request. If an applicant, after becoming aware that the agency regards his likelihood of success as minimal, still presses his request, he should be assisted in completing the formal requirements where necessary, and a formal disposition must be effected.