The **PEOPLES BREWING COMPANY,**
a Wisconsin corporation, et al.,
Plaintiffs,

v.

Thomas S. **KLEPPE,** Administrator, Small Business Administration, and Melvin Laird, Secretary, Department of Defense, Defendants.

No. 72-C-606.

United States District Court,
E. D. Wisconsin.

June 13, 1973.

Edward S. Levin, Milwaukee, Wis., for plaintiffs.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for defendants.

**730**

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the complaint which alleges that the defendants have failed to comply with statutory requirements in connection with the plaintiff corporation's interest in obtaining contracts for the sale of beer to governmental agencies. As a small business concern and minority enterprise, Peoples Brewing Company charges that the defendants have discriminated against the individual plaintiffs as black minority businessmen in violation of 42 U.S.C. § 2000d.

█ Insofar as the complaint seeks a mandatory injunction, it is barred by the provisions of 15 U.S.C. § 634(b)(1); while this section authorizes a suit against the administrator of the Small Business Administration, it forecloses the issuance of an injunction against the administrator to compel a specific result in a discretionary area. In Romeo v. United States, 462 F.2d 1036, 1038 (5th Cir. 1972), the court said:

" . . . the waiver is a limited one for 'no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property.' . . . Clearly, then, Romeo's suit is barred insofar as he seeks injunctive relief in the nature of specific performance."

█ In my judgment, the relief sought against the administrator for his alleged actions or inactions in connection with 15 U.S.C. § 637(a) cannot be granted by the court. In United States v. Capital Assistance Corporation, 460 F.2d 256 (9th Cir. 1972), the court stated:

" . . . it is argued that refusal to renew the loan was arbitrary and that the government is estopped from claiming that the sums in question are due and owing . . . The renewal of the loan in this case under 15 U.S. C. 683(b) is an act committed to agency discretion and therefore excepted from judicial review."

In addition, the plaintiff's demand for relief by way of mandamus or for damages under the federal tort claims act are inappropriate since they also relate to discretionary conduct on the part of the administrator. Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir. 1966); National Manufacturing Company v. United States, 210 F.2d 263 (8th Cir. 1954).

Therefore, it is ordered that the defendants' motion to dismiss the complaint be and hereby is granted.

It is also ordered that this action be and hereby is dismissed.