**CAPITAL REFRIGERATION, INC.**

v.

**The UNITED STATES et al.**

**Civ. No. 73-93.**

United States District Court, M. D. Pennsylvania.

Nov. 5, 1973.

spectively of all of plaintiff's stock. While the two shareholders are willing to pledge all of the assets which they own individually or by the entireties, they are reluctant or unable to further secure a loan with the assets of two trusts. In one of those trusts, Glenn C. Hughes is the settlor and Rosemary Hughes is the beneficiary; in the other, Rosemary Hughes is the settlor, Glenn C. Hughes the trustee, and their daughter, Teresa Ann Hughes, is the beneficiary. Upon those facts, plaintiff alleges that the refusal of the SBA to approve its loan without the trust assets as collateral is the result of an arbitrary and irrational classification.

Plaintiff invokes the jurisdiction of this Court under 15 U.S.C. § 634(b)(1), 28 U.S.C. § 1361, 28 U.S.C. § 1343(1) and (2), 5 U.S.C. § 701 et seq., 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 2201 and § 2202, and seeks damages, temporary, preliminary and final injunctive relief, a declaratory judgment and a writ in the nature of mandamus. In their response, defendants have moved for dismissal based on the failure of the complaint to state a claim upon which relief can be granted and on this Court's lack of jurisdiction over the subject matter.

The dispositive issue raised by the pleadings is whether the Administrator of the SBA has exceeded the bounds of his authority by requiring plaintiff to post security before the loan application will be approved.

Plaintiff argues that the salutary purpose of 15 U.S.C. § 636(b) is solely governed by the amount of economic loss occasioned by disaster. In support of this, the plaintiff points out that under 15 U.S.C. § 636(a)(7) the Administrator may not grant a loan unless it "shall be of such sound value or so secured as reasonably to assure repayment." In contradistinction, the plaintiff adds, the disaster loan section, 15 U.S.C. § 636(b) is silent on the matter of collateral. From this, plaintiff concludes that it was the intent of Congress to eliminate the ability to repay as one of the loan eligibility requirements.

Norman M. Yoffe, Harrisburg, Pa., for plaintiff.

S. John Cottone, U. S. Atty., Laurence M. Kelly, Asst. U. S. Atty., Scranton, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, District Judge.

On August 16, 1973, the Small Business Act (15 U.S.C. § 631 et seq.) was amended in part to provide additional loan assistance to victims of Tropical Storm Agnes. Plaintiff, a family-held corporation which suffered loss as a result of the flood waters, applied on August 29, 1972, for a loan from the Small Business Administration (SBA), but has not received the requested aid. Specifically, plaintiff alleges that the SBA refused to process its application until plaintiff furnishes a statement of collateral. In this respect, plaintiff states that its sole shareholders are Glenn C. and Rosemary Hughes, husband and wife, who own 57½% and 42½% re-

**464**

Plaintiff's argument, while appealing, is not persuasive. In the first place, the collateral requirements of 15 U.S.C. § 636(a) are couched in mandatory language. While 15 U.S.C. § 636(b) does not require an applicant to render assurances of his ability to repay, neither does it affirmatively preclude such a consideration, for the SBA may make such loans as it "may determine to be necessary or appropriate" because of floods or other catastrophes. Furthermore, regulations promulgated pursuant to 15 U.S.C. § 634(b)(6) provide:

"(a) The Small Business Act, as amended, contains no specific requirements with respect to collateral as security for a disaster loan, nor has SBA established any rigid rule in regard to collateral. However, SBA requires applicants to pledge whatever collateral they can furnish. SBA will give consideration to the moral risk involved and to evidence showing a reasonable prospect that the loan will be repaid.

"(b) Evaluation of collateral: In disaster loan cases the same general approach to establishing values will be used as for business loans, keeping in mind the energency and the urgency incident to a disaster loan."

13 C.F.R. 123.6(a) and (b)

Since the above regulations appear to be reasonable and consistent with the statute, and since plaintiff has not shown any "weighty reason" why they should be overruled, they will be sustained. Bingler v. Johnson, 394 U.S. 741, 89 S.Ct. 1439, 22 L.Ed.2d 695 (1969). Moreover, since the power to interpret the above regulations is vested in the first instance in the Administrator, Allen M. Campbell Co. General Contractor, Inc. v. Lloyd Wood Construction Co., 446 F.2d 261 (5th Cir. 1971), I conclude that 15 U.S.C. § 636(b) does not bar the SBA from considering an applicant's ability to repay, and that the Administrator has discretionary authority to determine the nature and extent of the collateral required.[1]

In view of the above, this Court is precluded from reviewing the disputed agency action under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2). Dubrow v. Small Business Administration, 345 F.Supp. 4 (C.D.Calif.1972). Furthermore, plaintiff's assertion of 15 U.S.C. § 634(b) as a basis of equity jurisdiction must fail since it has not been shown that the Administrator exceeded his authority. Romeo v. United States, 462 F.2d 1036 (5th Cir. 1972); Dubrow, supra; von Lusch v. Hoffmaster, 253 F.Supp. 633 (D.Md. 1966). Nor will a writ in the nature of mandamus lie to compel the exercise of a discretionary function.[2] Simpkins v. Davidson, 302 F.Supp. 456 (S.D.N.Y. 1969). Finally, as long as the Adminis-

---

1. A different question would be presented if plaintiff's application for a loan were *denied* solely because of its failure to post security which it could not provide. In this connection, plaintiff alleges that the trust assets are beyond the reach of both it and its shareholders. Conceding that to be true, it may be arbitrary and unreasonable to require plaintiff to do what it legally cannot. However, since plaintiff specifically avers that the loan application has been neither approved nor denied, and since the plaintiff merely requests that the SBA be compelled to process its application without consideration of its ability to repay, the issue of whether the Administrator's denial of the loan application is arbitrary, is not presented.

2. It bears repeating that plaintiff does not merely request that the Administrator proc-

ess its application, but specifically prays that the application be processed without reference to:

"(a) any trust interests which any stockholders of plaintiff may have, either as the settlor, trustee or beneficiary, and any requirement that such trust assets be used as collateral for plaintiff's loan, and

"(b) any requirement that plaintiff demonstrate a financial condition, ownership of assets and/or earnings, present or prospective, so as to justify a particular level or degree of repayment expectation, and "thereafter, as plaintiff is eligible in all respects for such disaster loan assistance, to order defendants to grant plaintiff's loan request in the amount of $173,220.-00."

trator acts within the outer perimeter of his line of duty, he is immune from damage liability. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).

Therefore, in accordance with the views expressed above, plaintiff's complaint will be dismissed.