**Eli RAITPORT**

v.

**SMALL BUSINESS ADMINISTRATION
U. S. GOVERNMENT.**

**Civ. A. No. 73–1775.**

United States District Court,
E. D. Pennsylvania.

Feb. 20, 1974.

———◆———

Eli Raitport, pro se.

Michael Hepps, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

In response to this pro se action wherein the plaintiff seeks a writ of mandamus directed to the Small Business Administration (SBA) and in addition thereto, claims damages predicated upon an alleged discriminatory, arbitrary and fraudulent denial of his loan application, the defendant pursuant to Fed.R.Civ.P. 56 has moved for summary judgment.

■■ The threshold issue presented to this court concerns our jurisdiction to review a decision of the SBA. The law has been clearly established that a court can review an SBA decision only if it is arbitrary, capricious or erroneous·as a matter of law. Lloyd Wood Construction Company v. Sandoval, 318 F.Supp. 1167 (D.C.1970); American Electric Company v. United States, 270 F.Supp. 689 (D.C.1967). It is not enough that a court might reach a contrary decision.

American Electric Company v. United States, *supra,* at 691. Furthermore a writ of mandamus may not issue against an official of the SBA where a discretionary act is concerned. Simpkins v. Davidson, 302 F.Supp. 456 (S.D.N.Y. 1969).

■■ In support of its motion for Summary Judgment the SBA has filed the affidavit of Charles D. Burke, Supervisory Loan Officer of the SBA. He affirms that the plaintiff's request for a loan was refused because the SBA, in its discretion, believed that the plaintiff's corporation had insufficient equity capital to reasonably assure repayment as is required by the Small Business Act, 15 U.S.C. § 636(a)(7). In light of this assertion the burden shifted to the plaintiff to come forward with specific controverting facts to expose a genuine issue that would prevent a trial from being a mere formality. Kolstad v. United States, 276 F.Supp. 757 (D.C. Mont.1967). *See also,* Ashwell & Co. v. Transamerica Ins. Co., 407 F.2d 762 (7th Cir. 1969); 2361 State Corp. v. Sealy, Inc., 402 F.2d 370 (7th Cir. 1968); DeJay Stores v. Ryan, 229 F.2d 867 (2d Cir. 1956). The plaintiff has not met this burden. The counter affidavit filed by the plaintiff consists of irrelevant and conclusory statements which are insufficient to preclude an adverse decision on defendant's motion. *See,* Daily Press Inc. v. United Press International, 412 F.2d 126 (6th Cir. 1969), cert. denied, 396 U.S. 990, 90 S. Ct. 480, 24 L.Ed.2d 453 (1969); Turner· v. Lundquist, 377 F.2d 44 (9th Cir. 1967).

■ Circumscribed as we are by case precedent we are impelled to conclude that the decision of the SBA was discretionary and therefore should not be disturbed by this Court.