Gerald **MONTER** and Robert Cohen, General Partners in a Limited Partnership trading as Holiday Green Acres Apartments, Plaintiffs,

v.

The **UNITED STATES** and Mitchell Kobelinski, Administrator of the Small Business Administration, (SBA), Defendants.

Civ. A. No. 76–243.

United States District Court,
M. D. Pennsylvania.

Nov. 21, 1977.

Winkler, Danoff, Lubin & Toole by Albert N. Danoff, Solomon Lubin, Wilkes-Barre, Pa., for plaintiffs.

Sal Cognetti, Jr., Asst. U. S. Atty., Scranton, Pa., and Thomas E. Flatley, Jr., Asst. Dist. Counsel, Small Business Administration, Phila. Dist. Office, Region III, Bala Cynwyd, Pa., for defendants.

## MEMORANDUM

HERMAN, District Judge.

In the instant case Plaintiffs are seeking judicial review of the denial of their application for Small Business Administration mortgage refinancing. At a pre-trial conference held May 4, 1977, it was agreed by counsel for both sides that this case would be decided on briefs and a stipulation of facts which has been filed. This agreement puts the case in the procedural posture of cross motions for summary judgment.

On June 23, 1972, Plaintiffs' apartment complex in the Borough of Kingston, Pennsylvania, was damaged by severe flooding caused by Hurricane Agnes. On December 7, 1972, Plaintiffs were granted a loan by the SBA. Subsequently the amount of this loan was adjusted several times. On July 5, 1973, Plaintiffs requested that they be permitted to refinance liens on their apartment complex at 1% to the extent permitted by the Disaster Relief Act of 1970 and amendments thereto. This request was denied by SBA because the entire complex did not suffer flood damage of 30% of its fair market value, as required under the applicable regulation. Plaintiffs then requested that their apartment buildings be considered separately and asked for refinancing on

those buildings damaged 30% or more. Alternatively, they requested that "phase three" of their complex, comprised of five buildings, be considered as a separate entity suffering damage to approximately 32% of its market value. These requests were also denied by SBA.

The parties have agreed that Plaintiffs are ineligible for refinancing if the project is looked upon as one integral property unit, as uninsured damage amounted to approximately 15% of the market value of the entire complex. The parties have further agreed that if the project is not looked upon as a whole, and is instead considered as separate buildings or "phase three" is considered separately, then Plaintiffs are eligible for greater refinancing then has been agreed to by SBA.

Plaintiffs have alleged that refusal to consider each building or "phase three" as separate property units for purposes of loan refinancing is unreasonable, capricious, erroneous and beyond the scope of the authority of the SBA and its administrator.

Plaintiffs invoke jurisdiction under 15 U.S.C. § 634(b)(1), 28 U.S.C. § 1361, 5 U.S.C. § 701 et seq., 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 2201 and § 2202. Defendants contend that this Court lacks jurisdiction to review the action of the administrator. The issue is whether the administrator of the SBA has exceeded the bounds of his authority by denying refinancing on the terms requested by the Plaintiffs.

As stated in *Raitport v. Small Business Administration*, 380 F.Supp. 1059, 1060 (E.D.Pa.1974), "The law has been clearly established that a court can review an SBA decision only if it is arbitrary, capricious or erroneous as a matter of law." The power to interpret SBA regulations is vested in the administrator, and the regulations will be sustained if they are reasonable and consistent with the statute and if the Plaintiff fails to show a weighty reason to overrule them. *Capital Refrigeration, Inc. v. United States*, 375 F.Supp. 462 (M.D. Pa.1973).

The Small Business Administration Act, 15 U.S.C. § 636(b) gives the administrator broad discretionary powers in providing for disaster assistance loans.[1]

The section of the statute which provides the current basis for dispute is contained in the unnumbered part of 15 U.S.C. § 636(b) following 15 U.S.C. § 636(b)(8). The unnumbered portion of the statute provides in pertinent part:

"In the administration of the disaster loan program under paragraphs (1), (2), and (4) of this subsection [15 U.S.C. 636(b)(1), (2), and (4)], in the case of property loss or damage or injury resulting from a major disaster as determined by the President or a disaster as determined by the Administrator which occurs on or after January 1, 1971, and prior to July 1, 1973, the Small Business Administration, to the extent such loss or damage or injury is not compensated for by insurance or otherwise—

(A) may make any loan for repair, rehabilitation, or replacement of property damaged or destroyed without regard to whether the required financial assistance is otherwise available from private sources;

(B) may, in the case of the total destruction or substantial property damage of a home or business concern, refinance any mortgage, or other liens outstanding against the destroyed or damaged property if such property is to be repaired, rehabilitated, or replaced, except that (1) in the case of a business concern, the amount refinanced shall not exceed the amount of the physical loss sustained . . . ."

The administrator had the authority under the statute to set the terms of refinancing. The federal regulation then in effect implementing this power of refinancing, 23 C.F.R. 123.3(a)(2) provided in pertinent part:

(1) to make such loans . . . as the Administration may determine to be necessary or appropriate because of floods . . . ."

---

**1.** 15 U.S.C. § 636(b)(1) provides:

"(b) The Administrator is empowered

"Refinancing: Only where property suffers uninsured (or otherwise uncompensated for) damage of 30 per cent or more of the market value at the time of the disaster, a part of all existing liens as they apply to specific real property lost or damaged may be refinanced by a part of the SBA loan. . . ."

This regulation provided a 30% property damage qualification for refinancing. Basically, Plaintiffs contend that the references in the statute to "property" mean individual buildings, or at least one phase of the apartment building project, and therefore they claim they should get refinancing for any building damaged 30% or more, or for "phase three" of the apartment complex, which set of buildings admittedly suffered damage greater than 30%. The administrator rejected this view of the meaning of "property" in the applicable statute and regulation, finding that the Plaintiffs' apartment complex was one "property" within the meaning of the statute and regulation. Given the broad discretionary authority of the administrator, we find that he has not abused that discretion in making his interpretation. We also find that the regulation is reasonable and consistent with the statute.

■ There is therefore no basis upon which to give Plaintiff declaratory or other relief. Because we find no abuse of the administrator's discretion, this Court is precluded from reviewing the disputed agency action under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. *Capital Refrigeration, Inc. v. United States*, 375 F.Supp. 462 (M.D.Pa.1973).

■ Plaintiffs are not entitled to a writ in the nature of a mandamus as Plaintiffs seek to compel the exercise of a discretionary function. *Raitport v. Small Business Administration*, 380 F.Supp. 1059 (E.D.Pa. 1974).

■ Plaintiffs had cited 28 U.S.C. § 1346(a)(2) providing for suits against the United States for money damages. As the administrator was acting within the outer limits of his duty, he is immune from dam-age liability. *Capital Refrigeration Inc. v. United States, supra.*

Therefore, in accordance with the views expressed above, judgment will be entered for Defendants in this case.