**COPAKE LAKE DEVELOPMENT CORPORATION, Plaintiff,**

v.

**UNITED STATES GOVERNMENT, Small Business Administration and the United States of America, Defendants.**

No. 75 C 1694.

United States District Court, E. D. New York.

May 29, 1980.

Jacob Rabinowitz, New York City, by Samuel L. Newman, Brooklyn, N. Y., for plaintiff.

Edward R. Korman, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., by Jan F. Constantine, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

On August 16, 1973, plaintiff applied to the New York District Office of the Small Business Administration ("SBA") for a disaster loan after severe storms had caused extensive flash floods in the area of Craryville, New York, the location of plaintiff's real property. Plaintiff applied for a loan in the amount of $784,000.00 pursuant to 15 U.S.C. Sec. 636 et seq. After an appraisal of the flood damage, the SBA approved a loan of $50,000.00 on January 31, 1974.

During the summer of 1974, plaintiff made a request to the SBA for an increase in the amount of the loan. The SBA conducted a second appraisal apparently in early October 1974, but found no claim for additional loss verifiable. By letter dated October 8, 1974, the SBA notified plaintiff that its request for additional funds was denied. Plaintiff was further notified on November 7, 1974, that the loan had been reviewed by the New York District and Regional Offices, that the alleged disaster site had been inspected by loss verifiers from both the New York and Washington offices of the SBA, and that the amount of the loan approved fairly reflected the damage attributable to the flood.

Demonstrating dogged persistence in the face of these repeated denials, plaintiff on July 17, 1975, again requested that the loan be increased, this time to approximately $2,600,000.00. The SBA performed a Central office analysis and found the original amount of the loan proper. A financial analyst reviewed the prior findings of the two loss verifiers that "the facility was in complete disrepair prior to the flood and all but the approved $50,000.00 represents deferred maintainence [sic] and not eligible for SBA disaster assistance," and commented that "a vast misunderstanding exists on the part of the applicant on just what qualifies for disaster assistance." The determination of the financial analyst was upheld on July 31, 1975, by the Chief of the SBA's Program Operations Division. And

on August 5, 1975, plaintiff was notified that the $50,000.00 was the maximum available to it as a disaster loan. This action followed.

Plaintiff alleges that its application for the disaster loan demonstrated that flood related damage was far in excess of the amount made available by the SBA, "so much so that the determination of the SBA is arbitrary and capricious and contrary to the facts and against the evidence." (Complaint Par. 8). The relief sought is substitution of plaintiff's estimate of the flood damage incurred for that of the SBA. Defendants have interposed a number of affirmative defenses and now move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), F.R.Civ.P. Plaintiff cross-moves for leave to amend its complaint pursuant to Rule 15(a), F.R.Civ.P. For the following reasons, defendants' motion to dismiss the complaint is granted and plaintiff's cross-motion denied.

Before reaching the merits of the motions before the court, it must be noted that subsequent to the filing of this action, the SBA notified plaintiff that authorization for the original $50,000.00 loan had been cancelled due to the expiration of the disbursement period. Thereafter, plaintiff filed a Chapter XI petition in bankruptcy, and on August 10, 1977, newly retained counsel for plaintiff requested a status report on the loan. The SBA informed counsel that the loan had been terminated as of August 5, 1975, and that for further consideration additional financial information was necessary. In response, plaintiff submitted a copy of its bankruptcy petition. After further review, the SBA denied reinstatement of the original loan to active status for "lack of reasonable assurance of ability to repay loan (and other obligations) from earnings."

Plaintiff apparently premises jurisdiction in this court on Section 1331 of Title 28 of the United States Code, which provides jurisdiction for agency action review authorized by the Administrative Procedure Act, 5 U.S.C. Secs. 701–706 ("APA"). *CETA Workers' Organizing Committee v. City of*

*New York,* 617 F.2d 926, 935 (2d Cir. 1980), *citing Standard Oil Co. v. FTC,* 596 F.2d 1381, 1384 (9th Cir. 1979); *Dresser Industries, Inc. v. United States,* 596 F.2d 1231, 1238 (5th Cir. 1979). *See also Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977). The Court of Appeals for this circuit has recently analyzed the questions that must be examined before the court may determine whether the SBA's alleged failures are reviewable under the APA:

> "first, whether a statute precludes judicial review, 5 U.S.C. Sec. 701(a)(1); second, whether agency action is committed to agency discretion by law, *id.,* Sec. 701(a)(2); and third, whether there is final agency action for which there is no adequate judicial remedy other than review under the APA, *id.,* § 704. *See Standard Oil Co. v. FTC, supra,* 596 F.2d at 1385." *CETA Workers' Organizing Committee v. City of New York, supra,* 617 F.2d at 935.

■ Addressing the second question above in the context of this case, it is readily apparent that judicial review is inappropriate under the provisions of the APA. As defendants point out, the determination of whether agency action has been committed by law to agency discretion requires consideration of the statute under which the action is taken, its language and purpose, and the nature of the activity being regulated. *Sugarman v. Forbragd,* 267 F.Supp. 817, 823 (N.D.Cal.1967), *aff'd,* 405 F.2d 1189 (9th Cir.), *cert. denied,* 395 U.S. 960, 89 S.Ct. 2103, 23 L.Ed.2d 747 (1969). Judicial review is precluded under Sec. 701(a)(2) of the APA if the agency action is undertaken pursuant to a statute " 'drawn in such broad terms that in a given case there is no law to apply,' " *Greater New York Hospital Association v. Mathews,* 536 F.2d 494, 499 (2d Cir. 1976), *quoting Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1970), or " 'congressional intent is discernible to make [the agency action] unreviewable,' " *Langevin v. Chenango Court, Inc.,* 447 F.2d 296, 303 (2d Cir. 1971), *quoting* 4 K. Davis,

Administrative Law Sec. 28.16 at 965 (Supp. 1970), or " 'the subject matter is for some reason inappropriate for judicial consideration,' " *id.*; *Kletschka v. Driver*, 411 F.2d 436, 443 (2d Cir. 1969). *See Hospital Ass'n of New York State v. Noia*, 438 F.Supp. 866, 868–69 (S.D.N.Y.1977).

■ Applying these principles, the court is of the opinion that the decision concerning the granting of a loan by the SBA is one firmly committed to agency discretion, and other courts that have considered the question are uniformly in agreement on this point. *See, e. g., Capital Refrigeration, Inc. v. United States*, 375 F.Supp. 462 (M.D.Pa. 1973); *Dubrow v. Small Business Administration*, 345 F.Supp. 4, 8 (C.D.Cal.1972); *Simpkins v. Davidson*, 302 F.Supp. 456 (S.D. N.Y.1969). *See also United States v. Capital Assistance Corp.*, 460 F.2d 256 (9th Cir.), *cert. denied*, 409 U.S. 941, 93 S.Ct. 233, 34 L.Ed.2d 193 (1972) (loan renewal). Examination of the statutory scheme leaves little doubt that decisions concerning loanworthiness were intended by Congress to be left to the sound discretion of the SBA. For example, 15 U.S.C. Sec. 636(b) provides that the Administration is empowered "to make such loans . . . as the Administration may determine to be necessary or appropriate because of floods, . . ." (b)(1), or "to make such loans . . . as the Administration may determine to be necessary or appropriate to any small business concern located in an area affected by a disaster, if the Administration determines that the concern suffered a substantial economic injury as a result of such disaster . . ." (b)(2). Where such decisions involve application of particularized experience and expertise, courts must be reluctant to review discretionary action of the administrative agency. *See, e. g., Wolfish v. Levy*, 573 F.2d 118, 124 (2d Cir. 1978), *rev'd on other grounds, sub nom. Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Capital Refrigeration v. United States, supra*, 375 F.Supp. at 464.

■ There is no question, however, that jurisdiction in the district court does lie to the extent set out in Sec. 208(b) of the Small Business Administration Act, 15 U.S.C. Sec. 634(b). That provision states in relevant part:

"In the performance of, and with respect to, the functions, powers, and duties vested in him by this Chapter the Administrator may—

(1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property;"

Thus, although review does not lie under the APA, Congress has expressly waived the SBA's sovereign immunity and consented to suit as set forth in Sec. 208(b). *See United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Blackmar v. Guerre*, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952); *Sherwood v. United States*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). *See also Mar v. Kleppe*, 520 F.2d 867, 869 (10th Cir. 1975); *Romeo v. United States*, 462 F.2d 1036, 1037 (5th Cir. 1972), *cert. denied*, 410 U.S. 928, 93 S.Ct. 1361, 35 L.Ed.2d 589 (1973); *United States v. Mel's Lockers, Inc.*, 346 F.2d 168, 169 (10th Cir. 1965).

Examination of Sec. 208(b), however, reveals that the waiver of sovereign immunity and hence the grant of subject matter jurisdiction is limited by the terms of the statute: it precludes injunctive or any similar relief. Therefore, if the relief sought by plaintiff is in the nature of an injunction, the complaint must be dismissed. *See Mar v. Kleppe, supra; Romeo v. United States, supra; Murray v. Kleppe*, 424 F.Supp. 108 (M.D.Pa.1977).

■ Here there is little serious contention that the relief sought is not in the nature of a mandatory injunction or mandamus directing the SBA to issue a loan in the amount requested by plaintiff. Notwithstanding plaintiff's attempt to amend the complaint to claim damages against the

SBA, the heart of the action remains plaintiff's claim of entitlement to a loan in an increased amount. And in these circumstances, the district courts have uniformly held no subject matter jurisdiction exists under Sec. 208(b) for actions seeking to compel the SBA to grant a loan, where that decision is a discretionary act vested in the SBA. See *Raitport v. Small Business Administration*, 380 F.Supp. 1059, 1060 (E.D. Pa.1974); *Capital Refrigeration, Inc. v. United States, supra,* 375 F.Supp. at 464; *Peoples Brewing Co. v. Kleppe,* 360 F.Supp. 729, 730 (E.D.Wis.1973). Since plaintiff does not contest the fact that the determination of the amount of the loan is an act within the sound discretion of the SBA, see 15 U.S.C. Sec. 636, the complaint must be dismissed for lack of subject matter jurisdiction.

This conclusion also resolves the question of possible relief in mandamus jurisdiction under 28 U.S.C. Sec. 1361. "Since determination of mandamus jurisdiction necessarily encompasses on-the-merits analysis of whether a mandamus writ should issue," *CETA Workers' Organizing Committee v. City of New York, supra,* 617 F.2d at 936, and since we have already found that the SBA action was committed to its sound discretion and hence it cannot be said that plaintiff has a clear right to the relief sought or defendants have a plainly defined and peremptory duty to do the act in question, *Billiteri v. United States Bd. of Parole,* 541 F.2d 938, 946 (2d Cir. 1976); *Lovallo v. Froehlke,* 468 F.2d 340, 343 (2d Cir. 1972), cert. denied, 411 U.S. 918, 93 S.Ct. 1555, 36 L.Ed.2d 310 (1973), the denial of mandamus jurisdiction follows. *See CETA Workers' Organizing Committee v. City of New York, supra,* 617 F.2d at 936.

Finally, dismissal of the complaint is appropriate notwithstanding plaintiff's contention that the determination of the amount of the loan was arbitrary and capricious. Assuming jurisdiction would exist if the SBA acted beyond the scope of its authority and therefore arbitrarily and capriciously, see *Dubrow v. Small Business Administration, supra,* 345 F.Supp. at 7; *Simpkins v. Davidson, supra,* the record is bare of even a suggestion that the SBA acted beyond the bounds of its powers. It is clear from the record before the court that the decision to grant a loan in the amount of $50,000.00 was made pursuant to formal agency procedure; the decision to cancel the loan in that amount was based on the termination of the disbursement period and the decision not to reinstate the loan was based on plaintiff's financial condition. See *Capital Refrigeration, Inc. v. United States, supra,* 375 F.Supp. at 464; *Dubrow v. Small Business Administration, supra,* 345 F.Supp. at 9. There is no allegation that officials of the SBA acted in disregard of any right or in violation of any duty imposed on them. On the contrary, it appears that plaintiff's repeated applications were carefully considered and subjected to re-examination on a number of occasions. In these circumstances, plaintiff has failed to meet its burden of demonstrating a basis for its contention that defendants' actions were arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

Accordingly, defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is granted. Plaintiff's motion to amend the complaint is futile under the reasoning set forth above and is therefore denied.

SO ORDERED.