**PRAMCO, LLC., et al., Plaintiffs,**

v.

**Manuel R. TORRES, et. al., Defendants.**

**No. 02–2637 (DRD).**

United States District Court, D. Puerto Rico.

Sept. 30, 2003.

---

Agustin Diaz–Garcia, Ponce, PR, for defendant.

Francisco J. Fernandez–Chiques, Agnes I. Cordero, United States Attorney's Office, San Juan, PR, for third-party defendant.

### OPINION & ORDER

DOMINGUEZ, District Judge.

Pending before the Court is Third Party Defendant's, United States Small Business Administration (hereinafter referred to as "SBA"), Motion to Dismiss the Third Party Complaint for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Said motion was filed on January 17, 2003. (Docket No. 8). Third Party Defendant alleges that the Third Party Complaint fails to state a claim against SBA because it fails to describe a breach of any duty, express or implied, which SBA purportedly owed to the Third Party Plaintiffs. Defendants / Third Party Plaintiffs, Manuel R. Torres Torres, Herminda Rivera Vázquez, and CNM Enterprises Inc., filed an Opposition to Defendant SBA's Motion to Dismiss on January 31, 2003. (Docket No. 9). Upon review of the record and for the reasons set forth below, Defendant SBA's Motion to Dismiss (Docket No. 8) is hereby **GRANTED**, and the case is therefore remanded.

### BACKGROUND

Third Party Plaintiffs filed this complaint against SBA as a result of a loan contract in which SBA was the original creditor of the loan. The Third Party Complaint alleges that SBA assigned its rights to Plaintiffs' credit through the sale of the loan to CFSC Consortium, LLC (hereinafter referred to as "CFSC Consortium") without the consent of the debtor and incurred in negligence, when contract-ing with a party that was interested in accelerating the due date of the debt through the use of subterfuges and contrary to contractual good faith.

Third Party Plaintiff CNM Enterprises, Inc., (hereinafter referred to as CNM Enterprises) subscribed a loan contract with SBA in the year 1994 for the sum of $84,000.00 with an annual interest rate of 6 ⅝ per cent, and a collateral security of a mortgage note for the sum of $85,000.00. The mortgage note was signed by Third Party Plaintiffs, Manuel R. Torres Torres and Herminda Rivera Vázquez; upon a mortgage over real state property owned by the signers of the note as guarantee of said note; and a chattel mortgage over property owned by the debtor corporation. Third Party Plaintiffs also aver that during the first five years of the contract, when the SBA was the creditor of the loan, the payment was made in accordance with a procedure whereby SBA would send a monthly notice stating the next due payment information. CNM Enterprises would then send the payment with any required information without incurring arrears.

In their Third Party Complaint, Third Party Plaintiffs allege that the SBA assigned its right to their credit through the sale of the loan to CFSC Consortium, notifying to the Third Party Plaintiffs the fact of the assignment, the name of the new creditor, and that the new creditor would communicate with debtor promptly. After the assignment CNM Enterprises assert, they ceased receiving the monthly invoice notifying the debt, and as such, decided to wait until the new creditor sent the notice of payment, and the agreed payment would then be made. The new creditor failed to communicate with the debtor until one year and four months later when it sent an invoice three months in arrears,

and allegedly attempting to collect the amount of $1,954.00 in excess of the due amount. CNM Enterprises was informed after meeting with Midwest Servicing, a company with whom the new creditor had contracted to offer servicing for the loan, that the collection policy of Midwest Servicing was to collect the totality of the arrears balance in one payment. Third Party Plaintiffs claim that CFSC Consortium, assignee and new creditor of the loan, and Midwest Servicing in common accord caused the lack of timely notification with the debtor and the subsequent notification in February of 2000 of an incorrect invoice. Third Party Plaintiffs further allege that such acts provoked enough confusion in the debtor as to cause payment delay, allegedly not knowing where to send the payment; consequently accelerating the due date of the obligation to collect the total owed in one payment. Furthermore, SBA, the original creditor of the loan, is brought as a Third Party Defendant for allegedly assigning the loan without the consent of the debtor.

On November 5, 2002, the SBA filed a notice of removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1442, as an agency or instrumentality of the Federal Government of the United States of America. The delay and payment arrears sustained are allegedly caused solely due to the responsibility of the original Plaintiffs and the Third Party Defendants for having refused to receive the overdue payments. The original mortgagee, SBA, was allegedly not authorized to assign the debt.

As a result, Third Party Plaintiff seeks compensation for the emotional suffering and financial loss attributable to the culpable or negligent actions of Third Party Defendants.

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rule of Civil Procedure provides that a Defendant may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the Court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in Plaintiffs' favor. *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if the facts alleged, taken as true, do not justify any recovery, under any theory of law. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). In order to survive a motion to dismiss, Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.* 851 F.2d 513, 515 (1st Cir.1988).

Although all inferences must be made in Plaintiffs' favor, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson,* 83 F.3d at 3. Moreover, when considering a motion to dismiss under Rule 12(b)(6) the Court must, at all times regard, that all inferences from the facts must be made in Plaintiff's favor, limiting its focus to the allegations averred in the Third Party complaint. *Litton Indus., Inc. v. Colon,* 587 F.2d 70, 74 (1st Cir.1978). "Specifically, the inquiry should be 'whether a liberal reading of the [Third Party] complaint can reasonably admit of a claim ...'" *Bernier–Aponte v. Izquierdo–Encarnacion,* 196 F.Supp.2d at 97; *Doyle v. Hasbro, Inc.,* 103 F.3d at 190.

In *Rogan v. Menino,* 175 F.3d 75 (1st Cir.1999) the Court held that a dismissal for failure to state a claim can only be upheld if, after providing credence to all well pleaded facts and making all reasonable inferences in the plaintiff's favor, the

factual averments do not justify recovery on some theory asserted in the complaint. *Id.* at 77. With this standard in mind, all of the facts alleged in the complaint are accepted as true. *See Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989); *Gooley,* 851 F.2d at 514. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Wyatt v. City of Boston,* 35 F.3d 13, 16 (1st Cir.1994). As a result, this Court examines whether the Third Party Complaint "contains enough information to put Defendant on notice of the nature of Plaintiff's claims." *Greenier,* 201 F.Supp.2d at 177.

## SMALL BUSINESS ADMINISTRATION

■ The Small Business Administration, an agency created to lend money to the Small businesses of the United States, is not a separate legal entity from the United States, but "is an integral part of the governmental mechanism created to accomplish what Congress deemed to be of national importance." *Small Business Administration v. McClellan,* 364 U.S. 446, 450, 81 S.Ct. 191, 5 L.Ed.2d 200 (1960) (*citation omitted* ). The SBA is not a corporate entity but an agency of the United States. *Finch v. Small Business Administration of Richmond, Va.,* 252 N.C. 50, 112 S.E.2d 737 (1960). "The Small Business Act of 1953 created the Small Business Administration to 'aid, counsel, assist, and protect insofar as is possible the interests of small-business concerns in order to preserve free competitive enterprise * * * and to maintain and strengthen the overall economy of the Nation.' The Administration was given extraordinarily broad powers to accomplish these important objectives, including that of lending money to small businesses whenever they could not get necessary loans on reasonable terms from private lenders." *McClellan,* 364 U.S. at 447, 81 S.Ct. 191. *See also In re Lehigh Val. Mills, Inc.,* 225 F.Supp. 494, 495 (D.C.Pa.1964).

"Congress has given the SBA broad, explicit powers to engage in commercial and business transactions in pursuit of its statutory purposes." *See generally* 15 U.S.C. § 634(b). The SBA is empowered to "take any and all actions" in making or dealing with SBA loans. 15 U.S.C. § 634(b)(7). "The SBA has broad powers to contract with third parties. As an example, the SBA can dispose of real property acquired in connection with SBA loan guarantees. *See* 15 U.S.C. § 634(b)(3)." *A.L.T. Corp. v. Small Business Admin.,* 801 F.2d 1451 (5th Cir.1986). As to the "performance of, and with respect to, the functions, powers and duties" vested in the Administrator of the SBA, 15 U.S.C. § 634(b) reads in pertinent part:

"Administrator may—(2) under regulations prescribed by him, **assign or sell at public or private sale, or otherwise dispose of for cash or credit, in his discretion and upon such terms and conditions and for such consideration as the Administrator shall determine to be reasonable, any evidence of debt,** contract, claim, personal property, or security assigned to or held by him in connection with the payment of loans granted under this chapter ..."

15 U.S.C. § 634(b)(2). (*Emphasis ours* ).

The purpose of the SBA is to "aid, counsel, assist, and protect the interests of small business concerns", and advocate on their behalf within the Government. It also helps victims of disasters. It provides financial assistance, contractual assistance, and business development assistance." 13

C.F.R. § 101.100. The SBA is managed by an Administrator, appointed by the President with the advice and consent of the Senate, who "determines and approves all policies covering SBA's programs to aid, counsel, assist, and protect the interests of the nation's small businesses." 13 C.F.R. § 101.101. "SBA makes loans and provides other services that are authorized and executed under Federal programs to achieve national purposes. The following are construed and enforced in accordance with Federal law—

"(1) Instruments evidencing loans;

(2) Security interests in real or personal property payable to or held by SBA or the Administrator such as promissory notes, bonds, guarantee agreements, mortgages, and deeds of trust;

(3) Other evidences of debt or security;

(4) Contracts or agreements to which SBA is a party, unless expressly provided otherwise.

(c) To the extent feasible, SBA uses local or state procedures, especially for recordation and notification purposes, in implementing and facilitating SBA's loan programs. This use of local or state procedures is not a waiver by SBA of any Federal immunity from any local or state control, penalty, tax, or liability."

13 C.F.R. § 101.106. As for SBA's policies concerning the liquidation of collateral and the sale of business loans, 13 C.F.R. § 120.540 states in relevant part that:

(b) Sale and conversion of loans. **Without the consent of the Borrower, SBA may:**

(1) **Sell a direct loan** . . .

(4) Sell direct and purchased 7(a) and 501, 502, 503 and 504 loans and physical disaster home loans, physical disaster business loans and economic injury disaster loans in asset sales. SBA will offer these loans for sale to qualified bidders by means of competitive proce-dures at publicly advertised sales. Bidder qualifications will be set for each sale in accordance with the terms and conditions of each sale.

13 C.F.R. § 120.540. (*Emphasis ours* ).

█ Furthermore, the decision of granting a loan by the SBA is one "firmly committed to agency discretion." *Copake Lake Development Corp. v. U.S. Government,* 490 F.Supp. 386, 389 (E.D.N.Y.1980) *quoting Capital Refrigeration, Inc. v. United States,* 375 F.Supp. 462 (M.D.Pa. 1973); *Dubrow v. Small Business Administration,* 345 F.Supp. 4, 8 (C.D.Cal.1972); *Simpkins v. Davidson,* 302 F.Supp. 456 (S.D.N.Y.1969). *See also United States v. Capital Assistance Corp.,* 460 F.2d 256 (9th Cir.), cert. denied, 409 U.S. 941, 93 S.Ct. 233, 34 L.Ed.2d 193 (1972) (loan renewal). "Examination of the statutory scheme leaves little doubt that decisions concerning loan worthiness were intended by Congress to be left to the sound discretion of the SBA." *Copake Lake Development Corp.,* 490 F.Supp. 386 at 389. Moreover, the SBA Administration is empowered "to make loans to any qualified small business concern. . . . Such financing may be made either directly or in cooperation with banks or other financial institutions." 15 U.S.C. § 636(a)(2). Federal policy favors arrangements between local banks and the S.B.A. *In re Fried Furniture Corp.,* 293 F.Supp. 92, 93 (E.D.N.Y. 1968).

The Court in *Monter v. U.S.,* 440 F.Supp. 44, 46 (D.C.Pa.1977) stated that "the law has been clearly established that a court can review an SBA decision only if it is arbitrary, capricious or erroneous as a matter of law. The power to interpret SBA regulations is vested in the administrator, and the regulations will be sustained if they are reasonable and consistent with the statute and if the Plaintiff

fails to show a weighty reason to overrule them." *Monter,* at 46 (M.D.Pa.1977), *quoting Raitport v. Small Business Administration,* 380 F.Supp. 1059, 1060 (E.D.Pa. 1974), *Capital Refrigeration, Inc. v. United States,* 375 F.Supp. 462 (M.D.Pa.1973). All parties that seek to participate in programs administered by the SBA are charged with knowledge of these provisions. *U.S. on Behalf of Small Business Admin. v. First Nat. Bank of Jermyn,* 768 F.Supp. 137, 140 (M.D.Pa.1991), *quoting Federal Crop Insurance v. Merrill,* 332 U.S. 380, 384–85, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947).

■ This Court finds that SBA's decision to sell or assign the loan to CFSC Consortium is authorized by federal statute and regulations. As such, SBA proceedings were engaged upon to its sound discretion, and the Court finds no abuse of administration's determination. There is therefore no legal basis upon which to provide Third Party Plaintiffs relief for SBA's actions under federal law. SBA's policies precisely state that included in the Administration's powers and duties is the capacity to **assign or sell,** or otherwise dispose of for cash or **credit,** in his discretion and upon such terms and conditions and for such consideration as the Administrator shall determine to be reasonable, any evidence of debt. See, 15 U.S.C. § 634(b)(2), *infra* (emphasis ours). Moreover, the SBA's policies concerning the sale of business loans also allow the sale of such business loans without the consent of the borrower. See also, 13 C.F.R. § 120.540(b)(1), *infra.*

Dismissal of the Third Party Complaint against SBA is appropriate notwithstanding Third Party Plaintiff's contention that Third Party Defendant, SBA, was not authorized to assign the debt. There is no allegation that officials of the SBA acted in disregard of any right or in violation of

any duty imposed on them, which SBA purportedly owed to the Third Party Plaintiffs. The Third Party Complaint fails to state a claim against SBA because it fails to describe a breach of any duty. In these circumstances, Third Party Plaintiffs failed to meet the burden of demonstrating a basis for its contention that SBA's actions were arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. Accordingly, Third Party Defendant SBA's Motion to Dismiss the Third Party Complaint against SBA for failure to state a claim upon which relief may be granted is hereby **GRANT-ED.**

### *REAL STATE SETTLEMENT PROCEDURES ACT, 12 U.S.C. § 2601*

■ The Court however also examines Third Party Plaintiffs, Manuel R. Torres Torres, Herminda Rivera Vázquez, and CNM Enterprises Inc., Opposition to Defendant SBA's Motion to Dismiss, (Docket No. 9), and their allegations pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 (hereinafter referred to as "RESPA"). Congress enacted RESPA to reform real estate settlement process by "insur[ing] that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a). To carry out these objectives, RESPA requires advance disclosure of settlement costs, the elimination of kickbacks or referral fees, and a reduction of the amount that buyers are required to place in escrow accounts for taxes and insurance. Id. § 2601(b). *Bloom v. Martin,* 865 F.Supp. 1377, 1381 (N.D.Cal.1994).

Section 6 of this statute provides in part that a servicer "of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person" ... this notice "shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made)." *See* 12 U.S.C. § 2605(b)(1), (2). Any action to recover damages pursuant to the provisions of section 2605[§ 6], of this title may be brought in the United States District Court for the district in which the property involved is located, or in any other court of competent jurisdiction, within three years from the date of the occurrence of the violation. *See* 12 U.S.C. § 2614. Several other provisions of RESPA explicitly provide private civil remedies, in this particular case 12 U.S.C. § 2605(f), and as such specifically provides for a private right of action for violations of this provisions.

Third Party Plaintiffs allege that SBA falls within RESPA's definition of servicer which includes "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan) ..." 12 U.S.C. § 2605(i)(2). Third Party Plaintiffs also assert that the SBA didn't fulfill RESPA's conditions. They claim that SBA failed to notify the borrower of the sale of the loan to CFSC Consortium, 15 days prior to the effective date of transfer of the servicing of the mortgage loan with respect to which such notice is made, as required by RESPA provisions. The first notice was sent on October 4, 1999, thirteen days after the effective date of transfer. The aforementioned Plaintiffs also allege that the notice did not contain the information REPSA requires.

Notwithstanding the above and, as stated previously by this Court, when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the Court must accept as true all **well-pleaded** factual claims, and indulge all reasonable inferences in Plaintiffs' favor. *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). (*Emphasis ours*). Moreover, when considering a motion to dismiss under Rule 12(b)(6) the Court must, at all times regard, that all inferences must be made in Plaintiff's favor, **limiting its focus to the allegations averred in the amended complaint.** *Litton Indus., Inc. v. Colon*, 587 F.2d 70, 74 (1st Cir.1978). (*Emphasis ours*). "Specifically, the inquiry should be **'whether a liberal reading of the complaint can reasonably admit of a claim ...'** " *Bernier–Aponte v. Izquierdo–Encarnacion*, 196 F.Supp.2d at 97; *Doyle v. Hasbro, Inc.*, 103 F.3d at 190.

Third Party Plaintiffs' allegations of breach of REPSA's statutory mandates, were not introduced to this Court as part of the complaint allegations. Furthermore, they were presented for the first time in their Opposition to Defendant SBA's Motion to Dismiss. Moreover, the Third Party Plaintiffs waived any notice requirement, including that under REPSA. (See Discussion, *infra*). As a result, this Court concludes that the Complaint contains no information whatsoever with regard to this REPSA claim, to put Defendant on notice of the nature of such claim. As such, the Court need not consider such claim and must forcefully **GRANT** Third Party Defendant SBA's Motion to Dismiss.

### CONTRACT INTERPRETATION

■ Although this Court has previously concluded that Third Party Defendant, SBA, was authorized by federal statute to sell or assign the referred loan without the consent of the borrower this Court will

examine the state's substantive law with respect to contract interpretation [1].

Assignment of credit is described by Puerto Rico's Supreme Court as "a legal transaction from assignor creditor to another person, the assignee, whereby assignor transfers to assignee the right to assigned credit." *IBEC v. Banco Comercial*, 117 P.R.Dec. 371, 376 (1986). It is also a "transaction through which a third person, as a substitute for creditor, becomes a holder of credit which remains unaltered." *Id.* Puerto Rico statutes contain specific dispositions on assignment of credits. For instance, "a debtor who, before having knowledge of the assignment, should pay the creditor shall be released from the obligation." 31 P.R.LawsAnn § 3942. Accordingly, Puerto Rico's Supreme Court has previously stated that to transfer or assign, a creditor is not required to previously acquire "the consent of the debtor for the transfer or assignment of credits, it being sufficient merely that he have knowledge of the transfer in order to become obligated to the assignee, and relieve himself by payment to the latter of the obligation contracted with the assignor." *Cámara Insular De Comerciantes Mayoristas Demandante v. Anadón*, 83 P.R.Dec. 374, 385, 1961 WL 13813 (1961) *Citing Morales v. Blanco*, 15 P.R.Dec. 237 (1909).

■ Accordingly, Puerto Rico's Civil Code "recognizes the parties right to contractual autonomy by establishing that 'the contracting parties may make the agreement and establish the clauses and conditions which they may deem advisable, provided that they are not in contravention of law, morals, or public order.'" 31 P.R.LawsAnn; § 3372; *Banco Bilbao Vizcaya de P.R. v. Municipio de Vega Baja*,

2001TSPR60 (2000), 2001 WL 468546, *6 (*Translation ours*). State statute also considers that "all the rights acquired by virtue of an obligation are transmissible, subject to law, should there be no stipulation to the contrary", 31 P.R.LawsAnn; § 3029, "as such assignment of credit without consent of the debtor is valid whenever no stipulation to the contrary has occurred." *Banco Bilbao Vizcaya de P.R.*, 2001 WL 468546, at *6 (*Translation ours*).

■ Furthermore, "once the debtor has been notified of the assignment he can only extinguish his debt by paying the new creditor." *IBEC*, 117 P.R.Dec. at 377 (*Translation ours*). Wherefore, in assignment of credit, a change in the person creditor shall not worsen situation of the debtor and shall not deprive him of any claims he may have against creditor unless, he has also consented. *Id.* The law in Puerto Rico therefore does not require the consent of the debtor for the assignment of a credit to be made unless the transfer is barred under a contract. Nowhere does the local law on contractual interpretation requires the debtor's consent.

Finally, a thorough study of the contractual documents such as the Authorization and Loan Agreement, the Mortgage Note, and Mortgage Deeds do not contain a bar to creditors right to assign a credit by mere notice and as such requiring no consent. However, there is indeed a contractual clause in the Mortgage Note which reinforces this Court's previous analysis. In the clause the debtor expressly waives any notice of assignment nature. The mentioned contractual clause states as follows:

"This Mortgage note is subject to all clauses, pacts, conditions, and stipula-

**1.** *See Erie v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Daigle v. Maine Medical Center*, 14 F.3d 684, 689 (1st Cir. 1994)

tions of the aforementioned deed, held as guarantee of the same and **we renounce expressly to the right of notice** in case of assignment of credit of this obligation or the mortgage constituted to guarantee the same."

(*Translation ours*) (*Emphasis added*). This proviso also alternatively cures any late notice of assignment under REPSA. United States' Motion in Compliance with Order, Exhibit C. (Docket No. 14). Defendants and Third Party Plaintiff's Motion According to Order, Exhibit 2. (Docket No. 15).

Consequently, the Court once more concludes that Third Party Defendant, SBA, was authorized to sell or assign the referred loan without the consent of the borrower, pursuant to federal law and regulations, under Puerto Rican law and via a clause provided in the contractual obligations. The allegations that the Third Party SBA is responsible for the actions of the assignee Plaintiff Pramco, LLC. and CFSC Consortium, and or its agents Midwest Servicing are deficient. First, if said actions of Midwest Servicing are against the contractual documents, then the party responsible is the party not complying, and not the SBA, who is expressly authorized by law and contract proviso to assign. If the actions of SBA of providing a notice of arrears are not in the contractual documents, then the new assignee is not obliged to follow them. As such, the Court must forcefully **GRANT** Third Party Defendant SBA's Motion to Dismiss.

### CONCLUSION

This Court finds that Third Party Defendant United States Small Business Administration's Motion to Dismiss the Third Party Complaint against SBA for failure to state a claim upon which relief may be granted, is hereby **GRANTED** because SBA proceedings were authorized by federal and state statutes and based on the administration's discretion. Moreover, no abuse of discretion was proven. In any event, the Third Party Complaint fails to state a claim against SBA because it fails to describe a breach of any duty. Furthermore, the language of the contractual agreement, by expressly renouncing to the right of notice, permits the assignment of the credit without the consent of the debtor.

WHEREFORE, for the reasons stated above, Third Party Defendant United States Small Business Administration's Motion to Dismiss (Docket No. 8) is hereby **GRANTED**. The Third Party complaint allegations against SBA are dismissed, and therefore no other claims remain pending at this federal court. In view of the policies strongly favoring remand, such as comity and judicial economy, the court in its discretion remands the instant case to be adjudicated in the proper forum, the courts of the Commonwealth of Puerto Rico. *Acosta Oliveras v. Pittsburgh Corning Corp.*, 36 F.Supp.2d 443, 445 (D.Puerto Rico 1999); see also, *Sanchez Dieppa v. Rodriguez Pereira, Veterans Administration*, 580 F.Supp. 735, 737 (D.Puerto Rico 1984); *Cancel v. San Juan Construction*, 387 F.Supp. 916, 920 (D.Puerto Rico 1974). This case is closed, and remanded to state court. The case shall continue in the local court as the Third Party Defendants which did not join and/or filed the removal petition of the Third Party complaint. (See, *Acosta Oliveras v. Pittsburgh Corning Corp.,) Id.*, (in case where plaintiffs' federal cause of action under RICO Act, which provided defendant the grounds for removal, was dismissed, the district court, in its discretion, remanded case to be adjudicated in the courts of Commonwealth of Puerto Rico). Final Judgment is warranted, as the claim involved in the

instant federal action was limited to precisely that concerning the removal defendant. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**